13-2068
*United States v. Love*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 10th day of February, two thousand sixteen.

Present:    ROBERT A. KATZMANN,
                    *Chief Judge*,
            DENNIS JACOBS,
            RICHARD C. WESLEY,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Cross-Appellant-Appellee*,

            v.                                        No. 13-2068, 13-3490, 13-3032

TINA L. HOLLEY,

                    *Defendant*,

WARREN LOVE,

                    *Defendant-Appellant-Cross-Appellee.*

_____

For Cross-Appellant-
Appellee:                        JOSEPH J. KARASZEWSKI, Assistant United States Attorney, *for*
                                 William J. Hochul, Jr., United States Attorney, Buffalo, NY.

For Defendant-Appellant-
Cross-Appellee:                  JERALD BRAININ, Los Angeles, CA.

1

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Warren Love appeals from a judgment of conviction, entered on August 6, 2013, following a jury trial, by the United States District Court for the Western District of New York (Larimer, *J.*), on one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C), one count of use of a premises to manufacture, distribute and use a controlled substance in violation of 21 U.S.C. § 856(a)(1), one count of possession of firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1), and one count of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons set forth below, we affirm the judgment of the district court.[1]

*First*, Love argues that the delay between his indictment on June 15, 2010 and the commencement of his trial on December 3, 2012 violated his Sixth Amendment right to a speedy trial. In evaluating constitutional speedy trial claims, courts weigh the four factors set forth by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530–32 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant asserted his right in the run-up to the trial; and (4) whether the defendant was prejudiced by the failure to bring the case to trial more quickly." *United States v. Ghailani*, 733 F.3d 29, 42 (2d Cir. 2013) (quoting *United States v. Cain*, 671 F.3d 271, 296 (2d Cir. 2012)).

---

[1] We address Love's arguments relating to the Speedy Trial Act, 18 U.S.C. § 3161, in a separate opinion filed concurrently with this summary order. The factual and procedural background of this case is summarized therein.

Because Love did not raise his constitutional speedy trial claim in the district court, this Court reviews only for plain error. *See United States v. Abad*, 514 F.3d 271, 274 (2d Cir. 2008) (per curiam). Under the plain error standard, the defendant has the burden to demonstrate that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Ghailani*, 733 F.3d at 52 (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

In this case, the length of the delay weighs in Love's favor. In addition, Love suffered cognizable prejudice in the form of lengthy pre-trial incarceration, as well as the possibility, present in any case where the delay is lengthy, "that the [accused]'s defense will be impaired by dimming memories and loss of exculpatory evidence." *Doggett v. United States*, 505 U.S. 647, 654 (1992) (quoting *Barker*, 407 U.S. at 532) (alterations omitted). However, the majority of the delay was attributable to motion practice by Love and his co-defendant Tina Holley, not to any bad faith or negligence on the part of the government. Furthermore, although Love objected to the adjournment of his trial date, he failed to preserve his Sixth Amendment speedy trial claim, and he continued to file motions that led to additional delay. Because the cause of the delay is a critical factor and because Love has not demonstrated that he suffered any specific prejudice at trial, we cannot conclude that any error was "clear or obvious." *Ghailani*, 733 F.3d at 52. Accordingly, we find no plain violation of Love's Sixth Amendment right to a speedy trial.

*Second*, Love argues that the district court erred by denying his pretrial motion to suppress evidence seized from the first floor apartment at 399 Lake Avenue in Rochester, New York on April 6, 2010. He argues that the affidavit in support of the warrant application failed to

3

establish probable cause because it mistakenly identified the apartment to be searched as "Apartment A," when in fact the first floor apartment is Apartment C, and because the application did not specify in which apartment the controlled buys of crack cocaine occurred.

"To establish probable cause to search a residence, two factual showings are necessary — first, that a crime was committed, and second, that there is probable cause to believe that evidence of such crime is located at the residence." *United States v. Travisano*, 724 F.2d 341, 345 (2d Cir. 1983). Probable cause "is demonstrated where the totality of the circumstances indicates a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Clark*, 638 F.3d 89, 94 (2d Cir. 2011) (quoting *Walczyk v. Rio*, 496 F.3d 139, 156 (2d Cir. 2007)). In reviewing a district court's assessment of a search conducted pursuant to a warrant, we review findings of historical fact for "clear error" but we "analyze *de novo* the ultimate determination of such legal issues as probable cause. . . ." *Id*. at 93 (quoting *United States v. Smith*, 9 F.3d 1007, 1011 (2d Cir. 1993)).

In this case, the district court did not err in denying Love's suppression motion. We have held that a "slight variance" between the description of the premises to be searched and the actual premises does not "make the warrant void on its face, particularly when the agents clearly knew which apartment they were to search." *United States v. Campanile*, 516 F.2d 288, 291 (2d Cir. 1975). In this case, although it is true that the affidavit in support of the warrant misidentified the first floor apartment as "Apartment A," it also contained a detailed physical description that accurately identified the premises to be searched. *See Velardi v. Walsh*, 40 F.3d 569, 576 (2d Cir. 1994) ("Warrants have been upheld despite 'technical errors,' such as an incorrect street address, when the possibility of actual error is eliminated by other information, [such as] a detailed physical description in the warrant itself. . . ."). That physical description was

4

sufficient to create the "required nexus between the items sought and the 'particular place' to be searched. . . ." *Clark*, 638 F.3d at 94 (quoting *Stanford v. Texas*, 379 U.S. 476, 481 (1965)). Furthermore, contrary to Love's contention that the affidavit did not identify the apartment in which the controlled purchases of crack cocaine were made, the affidavit's statement that the purchases occurred in "the apartment," read in context, clearly refers to the specific premises described in the affidavit. Accordingly, Love's Fourth Amendment claim lacks merit.

*Third*, Love raises various challenges to his sentence. He argues that the district court violated the *Ex Post Facto* Clause of the United States Constitution by applying a two-level enhancement for maintaining a premises for distributing a controlled substance pursuant to Section 2D1.1(b)(12) of the United States Sentencing Guidelines ("U.S.S.G" or the "Guidelines"), which was enacted after he committed the relevant conduct. The Guidelines direct courts to apply the version of the Guidelines Manual in effect on the date that the defendant is sentenced unless it would violate the *Ex Post Facto* Clause, in which case courts should use the Guidelines Manual in effect on the date the offense was committed. *Id.* § 1B1.11 (2015). A sentencing court commits an *ex post facto* violation when it sentences a defendant "under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense." *Peugh v. United States*, 133 S. Ct. 2072, 2078 (2013). In analyzing whether application of the Guidelines violates the *Ex Post Facto* Clause, the court examines the "entire version of the guidelines," and not "one provision of those guidelines in isolation." *United States v. Keller*, 58 F.3d 884, 890 (2d Cir. 1995), *abrogated on other grounds by United States v. Mapp*, 170 F.3d 328, 338 n.15 (2d Cir. 1999).

Love is correct that the two-level enhancement for maintaining a premises became effective after he committed his offense. However, the 2012 Guidelines also reduced the base offense level applicable to the drug quantity found in this case by two levels. *Compare* U.S.S.G. § 2D1.1(c)(8) (2012) *with* U.S.S.G. § 2D1.1(c)(7) (2009). Accordingly, although the calculation would have been different, the total offense level and applicable Guidelines range under both versions of the Guidelines is the same, and there is no *ex post facto* violation.

Love also argues that that the district court's application of the two-level enhancement for "maintain[ing] a premises for the purpose of manufacturing or distributing a controlled substance," U.S.S.G. § 2D1.1(b)(12) (2012), constituted procedural error because there was insufficient support for this enhancement in the record. The application note to subsection 2D1.1(b)(12) instructs the court to consider factors including "(A) whether the defendant held a possessory interest in (*e.g.*, owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." *Id.* cmt. n.17. We review factual findings at sentencing for clear error, and we give "due deference" to the district court's application of the Guidelines to the facts. *United States v. Huerta*, 371 F.3d 88, 91 (2d Cir. 2004) (per curiam) (quoting 18 U.S.C. § 3742(e)).

At trial, the jury convicted Love on the substantive charge that he did "knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance." 21 U.S.C. § 856(a)(1). The government's evidence in support of that charge showed that Love was arrested in or near the open doorway to the apartment. In the apartment, the officers found Love's shoes, mail addressed to Love (albeit addressed to his home address at a different location), and a set of keys that included keys to the apartment and to Love's residence. In addition, Love had unrestricted

access to the apartment, and was the only adult present at the time the search was executed. This evidence is sufficient to support a finding that Love controlled access to the apartment, even if he lacked a "possessory interest." U.S.S.G. § 2D1.1(b)(12), cmt. n.17.

Furthermore, inside the apartment, the officers found an unloaded handgun on the living room coffee table, a bulletproof vest next to the living room sofa, a man's hooded sweatshirt layered over a bulletproof vest in the bedroom, a loaded handgun inside a pocket of the sweatshirt, ammunition, a digital scale, Ziploc baggies, a glass beaker, boxes of baking soda (an ingredient commonly used to manufacture crack cocaine), 19.9 grams of cocaine base, 16 baggies containing a total of 2.4 grams of crack cocaine, and a Ziploc bag containing 82.2 ounces of marijuana. This evidence supports a finding that the manufacture and distribution of controlled substances was one of the primary uses of the apartment. Thus, the evidence was sufficient to support application of the sentencing enhancement, even if, as Love argues, the sentencing enhancement applies to a narrower range of conduct than does the substantive offense.

Love further argues, for the first time on appeal, that the district court erred by calculating his base offense level for the felon-in-possession charge as twenty-four, rather than twenty. However, even if Love is correct, it would not change the applicable Guidelines range. Probation calculated Love's total offense level for both the drug-related charges and for the felon-in-possession charge as twenty-six. As discussed above, Probation's calculations with respect to the drug-related charges were not in error. Therefore, even if the total offense level for the felon-in-possession charge should have been lower, Love's Guidelines range would still have

been calculated based on an offense level of twenty-six. *See* U.S.S.G. § 3D1.3(a) (2012).

Accordingly, any error did not affect Love's substantial rights.[2]

*Finally*, Love raises additional claims in a *pro se* submission. First, he argues that the indictment must be dismissed because of the government's alleged misconduct before the grand jury. However, it is well settled that a conviction by petit jury renders previous errors in grand jury proceedings harmless. *See United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998).

Second, Love argues that the government's evidence was insufficient with respect to the charge of possession of firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1). However, the evidence in this case amply supported the inference that Love possessed the two firearms seized from the first floor apartment — a loaded Browning .380 caliber semi-automatic handgun and an unloaded Raven Arms .25 caliber handgun — in furtherance of a drug-selling operation. As discussed above, the circumstances of Love's arrest support an inference that he had "exclusive possession of the premises" from which the guns were recovered, indicating that he exercised dominion and control over them. *United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001) (quoting *United States v. Wilson*, 107 F.3d 774, 780 (10th Cir. 1997)). Moreover, the Raven Arms handgun was found on a table in the living room and the Browning handgun was found in a jacket pocket in the bedroom, in close proximity to the drugs and drug paraphernalia found in the bedroom and kitchen. This evidence supports an inference that Love kept the firearms to protect his drug operation. *See United States v. Chavez*, 549 F.3d 119, 130 (2d Cir. 2008) ("[A] drug dealer may be punished under § 924(c)(1)(A) where the charged weapon is readily accessible to protect drugs, drug proceeds, or the drug dealer

---

[2] Love also argues that the district court erred by failing to consider him for a sentence reduction under Amendment 750 to the Guidelines Manual, which reduced the Guidelines ranges for crack cocaine offenses pursuant to the Fair Sentencing Act of 2010. However, Love was sentenced under the 2012 Guidelines, which incorporated Amendment 750, so he did in fact receive the benefit of that Amendment.

8

himself." (quoting *United States v. Snow*, 462 F.3d 55, 62–63 (2d Cir. 2006)). Accordingly, the evidence was sufficient to sustain Love's conviction on this count.

Third, Love argues that the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), established that certain facts supporting the court's Guidelines calculations had to be submitted to the jury and proved beyond a reasonable doubt, rather than found by the court based on a preponderance of the evidence. Specifically, he argues that the district court erred by finding facts relating to the drug quantity; the two-point enhancement for maintaining a premises for the possession, use or manufacture of drugs; and the two-point enhancement for possession of a dangerous weapon.

The Supreme Court's decision in *Alleyne* is inapposite because the facts found by the court at sentencing did not increase the mandatory minimum sentence for Love's offense. *Id.* at 2155 (holding that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury"). Furthermore, it was not error for the district court to calculate the Guidelines range based on facts found at sentencing. It is well settled that district courts may "find facts relevant to sentencing by a preponderance of the evidence. . . ." *United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir. 2005). With respect to drug quantity, our precedent instructs that "where drug quantity is not found by a jury beyond a reasonable doubt, but rather is determined by the district court at sentencing under a preponderance standard, the defendant must be sentenced under 21 U.S.C. § 841(b)(1)(C), the subsection applicable to narcotics offenses without regard to quantity." *United States v. Yu*, 285 F.3d 192, 197 (2d Cir. 2002). That is exactly what happened in this case. Accordingly, this claim is without merit.

Finally, Love argues that his sentence should be reduced pursuant to 18 U.S.C. § 3582(c)(2) to reflect amendments to the Guidelines that have taken effect after he was sentenced.

However, in order to obtain relief under this section, a defendant must file a motion in the district court. Accordingly, this claim is denied without prejudice to Love's doing so.

We have considered Love's remaining arguments and find that they lack merit. For the reasons given, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
