DAVID G. LARIMER, United States District Judge
Warren Love, petitioner, was indicted on November 3, 2011 in a seven-count superseding indictment. The indictment charged narcotics and firearms violations. Love was convicted after a jury trial on the counts submitted to the jury, but the Court later granted Love's motion for judgment of acquittal with respect to Counts 5 and 6. Love was sentenced to an aggregate term of 156 months, 96 months on Counts 2, 3 and 7,and 60 months consecutive on Count 4 which involved possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c).
Love appealed the judgment which was affirmed by the Second Circuit Court of Appeals in both a published opinion, 813 F.3d 117 (2d Cir. 2016) ; and a summary order, 638 Fed.Appx. 93 (2d Cir. 2016).
Love later moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on a change in the drug sentencing guidelines. This Court granted the motion (Dkt. # 249) and reduced Love's sentence from an aggregate term of 156 months to 137 months.
Love now moves (Dkt. # 253), pro se, pursuant to 28 U.S.C. § 2255, requesting the Court to vacate, set aside or correct the sentence. Love contends that both his appointed trial and appellate counsel provided ineffective assistance of counsel. The Government filed its answer to the motion ("Answer"). (Dkt. # 264). Love also filed a motion to supplement his original motion (Dkt. # 262) claiming that a recent Supreme Court case, Dean v. United States, --- U.S. ----, 137 S.Ct. 1170, 197 L.Ed.2d 490 decided April 3, 2017, was relevant to his sentence. The Government responded to that supplement on August 18, 2017. (Dkt. # 271).
DISCUSSION
Love raises several issues which he contends constituted ineffective assistance of counsel. After considering all the issues raised in Love's motion, as well as the Government's Answer, the Court finds that Love was not denied effective assistance of either trial or appellate counsel. The claims are without merit. Love's claims are denied because he has failed to demonstrate *573 that counsel's performance was deficient or that he suffered prejudice.
The test for evaluating such claims was established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to make an ineffective-assistance-of-counsel claim, the defendant must demonstrate that counsel's performance was deficient as measured against "an objective standard of reasonableness." In addition, a defendant must establish that that deficient performance was prejudicial.
The defendant bears a heavy burden of establishing that his trial counsel made errors so serious that he was not functioning as counsel. Strickland , 466 U.S. at 687, 104 S.Ct. 2052. Furthermore, there is a strong presumption that defense counsel's conduct fell within the range of reasonable assistance. As the Supreme Court and other courts have noted, it is easy after trial to second-guess counsel's performance should the trial and sentence be unfavorable to the defendant. In the pending case, Love has failed to establish either prong of the Strickland test and therefore the motion for relief should be denied.
Love claims that trial counsel was ineffective for failing to move for a severance from his co-defendant Tina Holley, for failing to exclude the testimony of one of the Government's witnesses, and he also claims that appellate counsel should have appealed the district court's decision denying Love's motion to suppress statements which he made to the arresting officers.
Severance: There is no merit to Love's contention that trial counsel erred in failing to move for a severance. He claims that this failure somehow delayed the trial. As the Government points out in its Answer, counsel for the co-defendant did move for a severance which was denied by the Court. Since the Court denied the motion for severance directing that the case be tried against both defendants simultaneously, there is no reason to expect that a similar motion for severance by Love would have been successful either. In fact, the bulk of the evidence was against Love, not Holley, and therefore, she had more risk of spillover and a stronger argument for a severance.
In any event, as it turned out, Holley pleaded guilty and testified against Love at the trial. In light of that, Love has failed to demonstrate either deficient performance by his counsel or prejudice.
Failure to Challenge Government Witness: Love contends that his trial counsel should have sought to exclude testimony of certain witnesses. In this case, counsel challenged the sufficiency of the Government's proof. That strategic decision should not be challenged here. Furthermore, the statements and testimony of the officers was proper.
The Government sets out at some length in his Answer, page 11-13, the vigorous advocacy of Love's trial counsel. Counsel was involved in each and every step of the trial as noted in the Government's lengthy recitation. Also, most notably, counsel was successful in urging the Court to grant a judgment of acquittal on Counts 5 and 6 of the indictment which saved Love from being subjected to a mandatory consecutive 25 year term of imprisonment.
The case was strong against Love, especially in light of the co-defendant's testimony against him. I find no merit in his present claims that trial counsel was ineffective under the Strickland standard.
Love's claims against his appellate counsel also fail under the Strickland test. Appellate counsel must make decisions as to what arguments to raise on appeal. Love challenges counsel's decision not to challenge the district court's decision denying the motion to suppress. Both the Magistrate Judge and this Court determined *574 that there was no basis for suppression and counsel on appeal cannot be gainsaid for failing to raise the argument on appeal.
As pointed out by the Government in its Answer, appellate counsel filed two briefs on appeal, as well as a reply to the Government's supplement brief. Several arguments were raised and vigorously presented to the Second Circuit. Counsel has no obligation to file what she deems to be frivolous arguments. Appellate counsel's performance was well within the objective standard of reasonably competent advocacy.
I have considered the other matters referenced in Love's motion and find them to be without merit. None of the claims whether considered separately or together warrant relief.
Love's supplement to his motion referencing the recent Supreme Court case of Dean v. United States, provides no basis for relief to Love. The Dean decision did relate to imposition of a consecutive sentence for possession of a firearm in connection with a drug trafficking crime. 18 U.S.C. § 924(c). The firearm offense requires a mandatory minimum, consecutive 60 month sentence. The Supreme Court held that the sentencing court should consider all the factors listed under 18 U.S.C. § 3553(a) in determining a sentence sufficient but not greater than necessary. The court may consider in that calculation the effect that mandatory minimum sentence has on the outcome.
First of all, there is no authority that Dean should be applied retroactively to cases on collateral review. But even if it should apply to Love's case, there is no basis for relief.
Love now asks this Court to somehow reduce his sentence to 78 months. It is not clear why that term was selected. There is no basis to do so. The Court considered all the Section 3553(a) factors at the time of sentencing and imposed a term for the predicate offences, as well as the firearms offense. As noted above, based on a modification of the Sentencing Guidelines for drug offenses, this Court did reduce the defendant's sentence by 19 months in an Order pursuant to 18 U.S.C. § 3582(c)(2), and the Court once again considered all the Section 3553(a) factors.
CONCLUSION
The motion of Warren Love for relief pursuant to 28 U.S.C. § 2255 is in all respects denied. Furthermore, the Court declines to issue a certificate of appealability since Love has failed to make a substantial showing of a denial of a constitutional right.
IT IS SO ORDERED.