13-2068 (L)
United States v. Love

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————————

August Term, 2015

(Argued: January 11, 2016       Decided: February 10, 2016)

Docket Nos. 13-2068, 13-3490, 13-3032

————————————————————————————————

UNITED STATES OF AMERICA,

*Cross-Appellant-Appellee*,

—v.—

TINA L. HOLLEY,

*Defendant*,

WARREN LOVE,

*Defendant-Appellant-Cross-Appellee.*

————————————————————————————————

Before: KATZMANN, *Chief Judge*; JACOBS and WESLEY, *Circuit Judges*.

Appeal from a judgment of conviction following a jury trial on one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C), one count of use of a premises to manufacture, distribute and use a controlled substance in violation of 21 U.S.C. § 856(a)(1), one count of possession of firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1), and one count of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2) (Larimer, *J.*). We hold that Love has waived his claims of violations of the Speedy Trial Act, 18 U.S.C. § 3161, that he did not specifically raise in the district court, and that even if he were to prevail on the claims that he did raise in the district court, no violation of the Speedy Trial Act occurred.[1]

_____

JERALD BRAININ, Los Angeles, CA, *for Defendant-Appellant*.

JOSEPH J. KARASZEWSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, *for Appellee.*

_____

PER CURIAM:

Defendant Warren Love appeals from a judgment of conviction, entered on August 6, 2013, following a jury trial, by the United States District Court for the Western District of New York (Larimer, *J.*), on one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C), one count of use of a premises to manufacture, distribute and use a controlled substance in violation of 21 U.S.C. § 856(a)(1), one count of possession of firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. §

---

[1] We address Love's other claims on appeal in a separate summary order filed concurrently with this opinion.

924(c)(1), and one count of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2).[2]

Love argues that the district court erred by excluding from calculation, for purposes of the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, forty days of delay resulting from the government's filing of two motions to set a trial date. Love also argues, for the first time on appeal, that the district court erred by excluding periods of delay resulting from the joinder of his case with that of his co-defendant, Tina Holley, and that the associated ends-of-justice continuances were not adequately supported. The question of whether Love waived the latter claim by failing to raise it in his motion to dismiss on STA grounds before the district court is one of first impression in this Circuit. We hold that he did.

Because Love cannot establish an STA violation even if the district court erred in excluding the periods of delay resulting from the government's motions to set a trial date, we do not decide that question.

---

[2] The jury also convicted Love of one additional count of use of a premises to manufacture, distribute and use a controlled substance in violation of 21 U.S.C. § 856(a)(1) and one additional count of possession of firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1). The district court granted Love's motion for a judgment of acquittal on these counts pursuant to Fed. R. Crim. P. 29. The government filed notices of appeal on May 15, 2013 and September 4, 2013 challenging that decision and Love's sentence, respectively. However, the government subsequently determined that it would not pursue these cross-appeals. Accordingly, the government's cross-appeals are dismissed.

## BACKGROUND

On April 6, 2010, members of the Greater Rochester Area Narcotics Enforcement Team executed search warrants at the rear first and second floor apartments at 399 Lake Avenue, Rochester, New York. When the officers entered the building to conduct the search, they encountered defendant Warren Love standing in or near the open door to the first floor apartment. During the search of the two apartments, the officers recovered cocaine base, marijuana, drug-related paraphernalia, several firearms, body armor, ammunition, and mail addressed to Love and his co-defendant, Tina Holley. Holley arrived at the residence during the search, and the officers took both Love and Holley into custody.

On June 15, 2010, Love and Holley were indicted in the Western District of New York on drug- and firearm-related charges. On September 27, 2010, they were arrested by federal authorities in the Western District of Wisconsin, and Love was arraigned in the Western District of New York on October 20, 2010. On September 30, 2011, following motion practice involving both defendants, the government filed a motion to set a trial date. On October 19, 2011, the court set a pretrial conference for October 31, 2011 and trial for November 7, 2011 as to both

4

defendants. However, Holley decided to plead guilty and cooperate with the government. The court adjourned the trial date to allow the government to supersede the indictment against Love.

On November 3, 2011, the grand jury returned a superseding indictment charging Love in seven counts. On July 23, 2012, following additional motion practice concerning Love, the government filed a second motion to set a trial date. On August 10, 2012, Love moved to dismiss the indictment based on violations of the STA. He raised two arguments, only one of which he renews here. Specifically, he argued that the periods of delay that occurred while the government's two motions to set a trial date were pending were not excludable because they were not "pretrial motion[s]" within the meaning of the STA. 18 U.S.C. § 3161(h)(1)(D). The district court rejected both arguments, holding that no STA violation occurred.

Love's trial took place from December 3 to 7, 2012. Following trial, the jury rendered guilty verdicts on six of the seven counts of the superseding indictment.[3] The district court granted Love's motion for a judgment of acquittal with respect to two of those counts and sentenced Love principally to 156

---

[3] On the government's motion, the district court dismissed count one, which charged Love with narcotics conspiracy in violation of 21 U.S.C. § 846 before trial.

months' incarceration on the remaining four counts. Love timely filed this appeal.

**DISCUSSION**

Love argues that the district court erred by denying his motion to dismiss based on violations of the STA. He contends that certain periods of delay were not excludable from the speedy trial clock: (1) delay resulting from the filing of the government's two motions to set a trial date; (2) delay resulting from Love's joinder with co-defendant Holley; and (3) continuances granted to Holley's counsel based on various ends-of-justice exclusions. The government argues that Love waived any challenge to the second and third categories of delay by failing to raise them in the district court. We agree.

The STA requires that a criminal defendant must be tried within seventy days of the filing the information or indictment, or of his initial appearance in the district where the charges are pending, whichever occurs later. *See* 18 U.S.C. § 3161(c)(1). The STA provides that certain periods of delay are excludable from the seventy-day speedy trial clock, including, as relevant here, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," *id.* § 3161(h)(1)(D),

and "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *Id.* § 3161(h)(6).

When a defendant has preserved his STA claims by making a timely motion to dismiss the indictment, we review the district court's findings of relevant facts for clear error and its application of the STA to those facts *de novo*. *See United States v. Shellef*, 718 F.3d 94, 101 (2d Cir. 2013). However, the STA provides that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2). Under this provision, if the defendant fails to move for dismissal on STA grounds in the district court, this Court cannot review any such claim on appeal, even for plain error. *See United States v. Abad*, 514 F.3d 271, 274 (2d Cir. 2008) (per curiam).

We have not squarely addressed whether the STA's waiver provision applies where, as here, the defendant made a timely motion to dismiss on STA grounds but failed to challenge a particular period of delay. *Cf. United States v. Oberoi*, 547 F.3d 436, 458 (2d Cir. 2008), *vacated on other grounds*, 559 U.S. 999 (2010). However, several other circuit courts have held that, under these

7

circumstances, the defendant has waived any claims not specifically raised below. *See United States v. Taplet*, 776 F.3d 875, 881 (D.C. Cir. 2015); *United States v. Loughrin*, 710 F.3d 1111, 1121 (10th Cir. 2013); *United States v. Gates*, 709 F.3d 58, 67 (1st Cir. 2013); *see also United States v. O'Connor*, 656 F.3d 630, 637 (7th Cir. 2011). We are persuaded by the reasoning of our sister circuits.

The statute provides that "[f]ailure of the defendant to move for dismissal prior to trial" constitutes waiver and imposes on the defendant "the burden of proof of supporting such motion." 18 U.S.C. § 3162(a)(2). As the D.C. Circuit has noted, "[i]mplicit in the requirement that a defendant 'move for dismissal' is the requirement that the defendant specify the reason for the motion. When a defendant fails to specify the particular exclusions of time within his or her motion to dismiss, the defendant has failed to move for dismissal on that ground." *Taplet*, 776 F.3d at 880 (citing Fed. R. Crim. P. 47(b) ("A motion must state the grounds on which it is based.")); *accord Gates*, 709 F.3d at 67–68. Therefore, the text of the statute strongly suggests that Congress intended for the waiver provision to preclude the defendant from making new arguments on appeal.

This conclusion is consistent with the broader statutory scheme. The Supreme Court has noted that the STA "assigns the role of spotting violations of the Act to defendants—for the obvious reason that they have the greatest incentive to perform this task." *Loughrin*, 710 F.3d at 1121 (quoting *Zedner v. United States*, 547 U.S. 489, 502–03 (2006)). This ensures that the district court has the opportunity to develop all arguments below and fully explain its reasoning for excluding a particular period of delay. *Id.* If we were to review arguments raised for the first time on appeal, then the burden to identify STA violations would shift to the district court to comb the record for potential violations. *See id.* ("The alternative would force the court on a motion to dismiss for [an] STA violation to consider every conceivable basis for challenging its orders of continuance and exclusions of time. . . ."). This would contravene Congress's intent to place that burden squarely on the defendant.

Love argues that he preserved his arguments relating to delay attributable to Holley in his reply to the government's opposition to his STA motion, which stated:

> [A]lthough not specifically referred to in our motion to dismiss, the defense does not concede or agree that the Court need only decide or be limited in the specific dates referenced in our motion to dismiss. Should there be additional periods of time the Court

9

concludes are not excludable under the speedy trial act we would so move for those time periods to be included and added to the speedy trial clock.

Reply Brief for Defendant at 2, *United States v. Love*, No. 6:10-cr-6116 (W.D.N.Y. Sept. 4, 2012), ECF No. 113. This vague statement is plainly insufficient to preserve the arguments that Love now makes on appeal (for the first time in reply); it does not provide the court or the government any meaningful notice of Love's claims. *See Barbour v. City of White Plains*, 700 F.3d 631, 634 (2d Cir. 2012) (holding that statement "[l]acking specificity or citation to legal authority" was insufficient to preserve argument for appeal). Accordingly, we hold that Love has waived his arguments relating to Holley because he failed to specifically raise them below.

Love also argues that the district court erred by excluding the forty days of delay that followed the government's filing of its two motions to set a trial date. Even if that is the case, however, no violation of the STA occurred. The government concedes that, excluding the periods that Love challenges on appeal, twenty-two days of non-excludable delay elapsed. If Love is correct that the additional forty days of delay were non-excludable, then a total of sixty-two days of non-excludable delay elapsed between his arraignment and the filing of his

motion to dismiss on STA grounds. As discussed above, Love has waived all other periods of non-excludable delay. Therefore, the non-excludable delay in this case totaled less than the seventy days permitted by the STA, and no STA violation occurred. We need not reach Love's argument that the government's motions to set a trial date were not "pretrial motions" within the meaning of the STA.

## CONCLUSION

For the reasons stated herein, we hold that Love has waived his claim that the district court violated the STA by excluding periods of delay attributable to his co-defendant and that, even if the other challenged periods of delay were not excludable, no violation of the STA occurred.

11