16-221 (L)
*United States v. Woods et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand eighteen.

Present:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges*,
> KATHERINE POLK FAILLA,
> > *District Judge*.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.

Debbie Francis, Jeana MacDonald, David Taze Duggan, AKA Taze, Rodney Dingwall, AKA Rodney Lalonde, Mark Smoke, Jonathan Poitras, Michael Harris, AKA Mike the Jew, William Scott Morgan, AKA Eager, Aonwentsiio Sunday, AKA Doogie, Mitchell Printup, David Hartley, James Moran, Joel Gray Collins, Jeffrey Goulet, Amanda Stevens, Noel Piette, Bryce Cumming, Derrick Martin, AKA Doogie, Ashley Johnson, April May Lazore, Barrett Wagar,

16-221 (L)
16-313 (Con)

---

* Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

1

Michelle Daniluck, Amanda Pond, Joanna Hyderman, Martin Foley, Chantal Allaire, Marc Allaire, Kayla Snyder, Cassie O'Byrne, Kendra Theoret, Portia Simac, Steven Primeau, AKA Blue,

*Defendants,*

MICHAEL C. WOODS, Gaetan Dinelle, AKA Gates,

*Defendants-Appellants*.
_____

| | |
|---|---|
| For Defendants-Appellants: | CHERYL J. STURM, Chadds Ford, PA. |
| | MICHELLE ANDERSON BARTH, Burlington, VA. |
| For Appellee: | RAJIT S. DOSANJH, Assistant United States Attorney (Carl G. Eurenius, Assistant United States Attorney, *on the brief*), *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY. |

Appeal from judgments of the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Michael C. Woods ("Woods") and Gaetan Dinelle ("Dinelle") appeal from January 14, 2016 and January 21, 2016 judgments of the United States District Court for the Northern District of New York (Mordue, *J.*), following a jury verdict finding them guilty of engaging in a continuing criminal enterprise under 21 U.S.C. § 848(a), and qualifying for a mandatory life imprisonment sentence enhancement under 21 U.S.C. § 848(b). The Defendants-Appellants challenge their sentences and their judgments of conviction on multiple statutory and constitutional grounds. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We begin by noting that for virtually all of the claims of error that the Defendants-Appellants raise, we need not determine whether the district court did, in fact, err—for even if we were to assume error *arguendo*, we do not believe that the Defendants-Appellants were prejudiced as a result. *See, e.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009) (noting that on "plain-error review," a defendant must demonstrate that an alleged error "affected [his] substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings" (internal quotation marks omitted) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993))); *United States v. Stringer*, 730 F.3d 120, 128 (2d Cir. 2013) (explaining that a party seeking reversal due to a denial of a continuance "must show both arbitrariness and prejudice" (internal quotation marks omitted) (quoting *United States v. Miller*, 626 F.3d 682, 690 (2d Cir. 2010))); *see also United States v. Hasting*, 461 U.S. 499, 508–09 (1983) ("[T]here can be no such thing as an error-free, perfect trial, and . . . the Constitution does not guarantee such a trial."). The evidence of the Defendants-Appellants' guilt that the government (properly) presented at trial was overwhelming. Numerous couriers testified about their role in the Defendants-Appellants' scheme, and the couriers presented a cohesive and compelling narrative supported by law enforcement testimony, documentary evidence, and consensually monitored, highly inculpatory conversations. Given the sheer strength of the government's case, we cannot conclude that the district court's alleged errors—either singularly or cumulatively—prejudiced the Defendants-Appellants. *See, e.g.*, *In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93, 147 (2d Cir. 2008) (noting that we cannot reverse a conviction for "cumulative error" unless "the total effect of the errors found cast[s] such a serious doubt on the fairness of the trial that the convictions must be reversed" (ellipses omitted) (quoting *United States v. Guglielmini*, 384 F.2d 602, 607 (2d Cir. 1967))).

3

We further conclude that: (1) on balance of the four factors outlined by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), the delay in this case did not violate the Defendants-Appellants' Sixth Amendment rights to a speedy trial; (2) by failing to move for dismissal below, the Defendants-Appellants have waived their objections under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, *see, e.g.*, *United States v. Holley*, 813 F.3d 117, 120–22 (2d Cir. 2016) (per curiam); (3) the evidence was more than sufficient to support the jury's verdict, *see, e.g.*, *United States v. Brock*, 789 F.3d 60, 63 (2d Cir. 2015) ("[A] defendant challenging the sufficiency of the evidence bears a heavy burden, as the standard of review is exceedingly deferential." (quoting *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012))); and (4) the Defendants-Appellants have failed to substantiate their Eighth Amendment challenges to their sentences, *see, e.g.*, *United States v. Yousef*, 327 F.3d 56, 163 (2d Cir. 2003) ("[W]ith the exception of capital punishment cases, successful Eighth Amendment challenges to the proportionality of a sentence have been 'exceedingly rare.'" (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980))). Finally, we decline to hear Dinelle's ineffective assistance of counsel claim, thereby "permitting [Dinelle] to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255." *United States v. DeLaura*, 858 F.3d 738, 743 (2d Cir. 2017) (quoting *United States v. Adams*, 768 F.3d 219, 226 (2d Cir. 2014) (per curiam)); *see also United States v. Gaskin*, 364 F.3d 438, 467 (2d Cir. 2004) ("This court is generally disinclined to resolve ineffective assistance claims on direct review.").

\* \* \*

We have considered Woods's and Dinelle's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court. The government's motion for leave to file a supplemental appendix is therefore denied as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk