PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

───────────────

No. 17-2484

───────────────

UNITED STATES OF AMERICA

v.

KEVIN L. REESE,

Appellant

───────────────

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3:15-cr-00299-001)
District Judge: Honorable James M. Munley

───────────────

Argued September 25, 2018

Before: AMBRO, CHAGARES,
and GREENAWAY, JR., <u>Circuit Judges</u>

(Opinion filed: March 5, 2019)

Leigh M. Skipper
   Chief Federal Defender
Jacob Schuman, Esquire (Argued)
Brett G. Sweitzer, Esquire
Federal Community Defender Office for the Eastern District
of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA  19106

        Counsel for Appellant

David J. Freed
   United States Attorney
Michelle L. Olshefski, Esquire (Argued)
Office of United States Attorney
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA  18503

        Counsel for Appellee

_____

OPINION  OF  THE  COURT
_____

AMBRO, <u>Circuit Judge</u>

        This is one of the rare cases in which the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, requires that we vacate a conviction and remand for dismissal of the indictment.

2

Kevin L. Reese was convicted in the District Court of six counts each of wire fraud and aggravated identity theft. His sentence was 70 months' imprisonment, restitution, and three years of supervised release. He appeals several issues affecting his conviction and sentencing, but we need address only one.

Three weeks before the scheduled date of Reese's trial, after more than 50 days had expired on Reese's 70–day time limit under the Speedy Trial Act (for convenience, the "Act"), the District Court ordered a *sua sponte* continuance that postponed Reese's trial by an additional 79 days, at least 71 of which were not automatically excluded under the Act. At the time the continuance was entered, the District Court neither cited the Act, nor stated that time would be excluded, nor made findings of fact that would justify an exclusion of time under it. As a result, the 70–day time limit to bring Reese to trial expired long before his trial began.

When Reese moved before trial to dismiss the indictment under the Act, the District Court should have granted the motion. The statutory remedy is to vacate Reese's conviction and remand for dismissal of the indictment. The Court should, based on the Act, determine in the first instance whether the dismissal is with or without prejudice.

## I.     Background

In December 2015 a federal grand jury in the Middle District of Pennsylvania returned an indictment charging defendant-appellant Kevin L. Reese with six counts of wire fraud and six counts of aggravated identity theft related to his work as an office manager at Sheehan Pipe Line and Construction Company in Dunmore, Pennsylvania. The indictment alleged that, between November 2014 and August

3

2015, Reese devised and implemented a scheme to defraud Sheehan by cutting false checks on Sheehan's behalf to other employees and then cashing them in their names.

Soon after he was indicted, Reese retained defense attorney Joseph D'Andrea for all proceedings in the trial court. After his arraignment on January 4, 2016, he entered a plea of not guilty as to all counts. On January 11, 2016, the District Court entered an order scheduling jury selection and the start of trial for March 7, 2016.

Between February 23 and September 1, 2016, the Court granted six motions for continuance, five filed by the Government with D'Andrea's consent, and one filed by D'Andrea on Reese's behalf. For each of these orders the Court excluded time under the Speedy Trial Act on the ground that additional time would enable the Government and Reese to continue negotiating a potential plea deal. As a result of these continuances, Reese's trial was scheduled for October 24, 2016, with a pretrial conference on October 14.

On October 12, 2016, however, the District Court *sua sponte* entered an order rescheduling Reese's trial for December 5, 2016. The order did not state a reason for the continuance other than to say it was "in accordance with the Court's calendar." The order also stated that the delay in Reese's trial occasioned by this order—a period of 42 days—would be excluded under the Speedy Trial Act because "[t]his Court finds that the ends of justice served by this order outweigh the best interest of the public and the defendant in a speedy trial pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv)."

On November 10, 2016, the District Court held a pre-trial conference, which Reese attended represented by

4

D'Andrea. It opened with the following colloquy concerning the date of Reese's trial:

> THE COURT: So I'm setting the trial - - and I apologize for this, because I can't try the case until February, February 22nd.
>
> MR. D'ANDREA: February 22nd will work for me. I'm just really bad in December and January myself. February opens up.

The District Judge and the attorneys then discussed other pre-trial matters and the Court's trial practices. There was no further discussion of postponing Reese's trial or the need to exclude time under the Speedy Trial Act.

Following the conference, the District Court entered an order rescheduling Reese's trial for February 22, 2017. It stated that Reese's trial was rescheduled "per the final pretrial conference held November 10, 2016," without any further explanation for the basis of the rescheduling. It did not mention the exclusion of time under the Speedy Trial Act or use any language that would suggest a finding by the Court that an exclusion was proper. No pre-trial motions were pending or filed between November 10, 2016 and February 9, 2017.

On February 10, 2017, twelve days before trial, Reese filed *pro se* a motion requesting a hearing for the purpose of dismissing his retained counsel and obtaining the appointment of substitute counsel. According to Reese, he was entitled to have new counsel appointed on the eve of trial because there was a complete breakdown in communication and an irreconcilable conflict with his retained attorney, D'Andrea.

5

On February 15, 2017, the Court held a hearing on Reese's motion for appointment of counsel and denied the motion from the bench.[1]

Just before trial began, Reese, through D'Andrea, filed a motion for dismissal of the charges based on a violation of the 70–day time limit under the Speedy Trial Act. The Court denied the motion from the bench, stating as follows:

> I am going to deny the motion. The defendant sat on his rights, he didn't do anything . . . . And he made no indications that he disagreed with the continuances. And throughout these proceedings he had counsel. We have a case defendant's consent is not required for a continuance request by his counsel for the ends of justice, and that's . . . [*United States v. Herbst*, 666 F.3d 504 (8th Cir. 2012)].
>
> And that would appear under all of the circumstances to be applicable in this case even though in effect – the bottom line is as stated in the defendant's motion, he didn't request – his counsel did not object to the – and he had counsel throughout. . . .

---

[1] Because we resolve Reese's appeal under the Speedy Trial Act, we omit the details of his pre-trial motion for the appointment of counsel. We also express no view on whether the District Court erred in denying that motion.

After a three-day trial, the jury returned a verdict finding Reese guilty on all twelve counts charged in the indictment. As noted, the District Judge sentenced Reese to 70 months' imprisonment, restitution, and three years of supervised release. He appeals,[2] and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II.  Discussion

### A. Relevant Law

The Speedy Trial Act generally requires a federal criminal trial to begin within 70 days after a defendant is

---

[2] On appeal, Reese raises four claims of error related to his sentencing. As a structural error, he contends (i) the District Court violated his Sixth Amendment right to choose his sentencing counsel by denying his post-conviction motion for new counsel. In addition, he claims (ii) ineffective assistance of sentencing counsel in violation of the Sixth Amendment, (iii) violation of Federal Rule of Criminal Procedure 32(i)(1)(A), which requires the District Court to "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report," and (iv) overbreadth and vagueness of a special condition of supervised release that would prohibit him from "obtaining any employment in which he would have control over money, finances, or engage in financial transactions." Each of these additional claims of error has considerable merit and could very well justify vacating Reese's sentence and remanding for resentencing. But because we resolve this appeal by vacating Reese's conviction under the Speedy Trial Act, we omit here the troubling factual grounds underlying these additional claims.

7

charged or appears in the court where the charges are pending, whichever is later. 18 U.S.C. § 3161(c)(1).[3] The Act also contains, however, a series of provisions under which specified periods of delay are "excluded" from the 70–day time limit. *Zedner v. United States*, 547 U.S. 489, 497 (2006) (citing 18 U.S.C. § 3161(h)). Some of the provisions exclude time automatically, while others must be invoked by a district court to effect an exclusion of time. *See Bloate v. United States*, 559 U.S. 196, 203–15 (2010).

Among the provisions that must be invoked by the trial court is 18 U.S.C. § 3161(h)(7)(A), which allows it to exclude time from the 70–day time limit for "the ends of justice." *Zedner*, 547 U.S. at 508–09 (quoting 18 U.S.C. § 3161(h)(8)(A)).[4] As the Act and existing case law make clear, an exclusion of time for "the ends of justice" is not automatic. *Id.* To do so, a district court must "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

---

[3] In relevant part, the provision states: "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

[4] The "ends of justice" provision examined by the *Zedner* Court has been relocated from § 3161(h)(8)(A) to the present-day codification in § 3161(h)(7)(A).

8

The Supreme Court has not elaborated on the timing, procedures, or substantive standards that must be satisfied for a district court to exclude time for the ends of justice, other than to observe that "at the very least the Act implies that [the required] findings [of fact] must be put on the record by the time [it] rules on a defendant's motion to dismiss under [the Act]." *Zedner*, 547 U.S. at 507. In three prior decisions, we have filled these gaps by setting requirements that a district court must satisfy to effect an ends-of-justice continuance for a specified period of delay.[5]

In *United States v. Brooks*, we held that a district court's continuance order issued on a template continuance form was sufficient to exclude time under the Act where the district court checked a box on the form corresponding to language tracking the applicable exclusion under the Speedy Trial Act and later supplemented the record with further details of the factual basis for exclusion. 697 F.2d 517, 521–22 (3d Cir. 1982) ("In the present case, the form, when read together with the later statement made by the district court explaining in greater detail its reasons for granting the continuance, satisfies the requirements of the Act."). In *United States v. Rivera Construction Co.*, we held that a district court's continuance order may exclude time for the "ends of justice" without citing the Act or parroting the relevant provisions of the Act so long as the record shows that the district court "balanced the interests of the public and of all the defendants . . . when it ordered the continuance." 863 F.2d 293, 297 (3d Cir. 1988).

---

[5] We have also established standards for "open-ended" continuances in the ends of justice, *see, e.g.*, *United States v. Lattany*, 982 F.2d 866, 877 (3d Cir. 1992), but we are not dealing with an open-ended continuance here.

Together, the procedural requirements in *Brooks* and *Rivera* give considerable leeway to district courts in granting continuances for the ends of justice. For example, under *Brooks* a district court may give the factual basis for an ends-of-justice continuance after it is entered (but before ruling on a motion to dismiss the indictment) if the continuance order cites the relevant provision of the Act, 18 U.S.C. § 3161(h)(7)(A), or states that it is for the "ends of justice." *See* 697 F.2d at 521–22. Under *Rivera*, a district court may exclude time for the "ends of justice" without citing the Act or using any of its magic words so long as the court explains a valid factual basis for the continuance on the record when the continuance is ordered. *See* 863 F.2d at 297.

But this procedural leeway is not without limits, as we made clear one year after *Rivera* in our third guiding case— *United States v. Brenna*, 878 F.2d 117, 122 (3d Cir. 1989) (*per curiam*). If a district court enters a continuance order without either stating the factual basis for excluding time under the Act or using language that invokes it, the delay caused by the continuance is not excluded and the court cannot exclude the time in hindsight. *Id.* ("We reaffirm . . . that an ends of justice continuance . . . cannot be entered *nunc pro tunc* . . . .").

### B. Analysis

As noted, the District Court entered *sua sponte* continuance orders on October 12, 2016, and November 10, 2016. Reese contends that neither excluded time under the Act. But we need not address the challenge to the October 12, 2016 order because we rule in favor of Reese under the Act based on the delay caused by the second *sua sponte* continuance. That order did not validly exclude time under the Act. The contemporaneous record consists of the transcript of the pre-trial hearing on November 10 and the

10

written continuance order itself.  Neither invokes the Act nor uses any language that would suggest an exclusion of time under it, as would be required to allow exclusion under *Brooks* through a later supplementing of the record. Likewise, neither contains any factual findings that demonstrate a "balanc[ing] [of] the interests of the public and of all the defendants," as would be required to exclude time under *Rivera*.  Accordingly, under *Brenna* the Court failed to exclude time under the Act and the period of delay occasioned by the order—a period of at least 71 days[6]— counted under the Act.

There is no dispute that, when the District Court entered the November 10, 2016 order, a period of 50 days had already expired on the Speedy Trial clock.  Given the additional 70-plus unexcluded days caused by the November order, the 70–day time limit to bring Reese to trial expired long before the first day of his trial.  (Indeed, the unexcluded period of delay caused by the order was itself longer than what is allowed under the Act.)

---

[6] In his opening brief Reese argued that the continuance order caused a delay of 71 unexcluded days.  During oral argument his counsel acknowledged that the period of delay caused by the continuance was actually 79 calendar days and suggested that his prior calculation of 71 days may have been an understatement.  The Government did not dispute either of these calculations, and we need not resolve the minor inconsistency because both 71 and 79 are greater than the 70 days allotted under the Act, especially when added to the 50 days that had expired before the District Court entered its November 2016 order (a number the Government also does not contest).

The Government makes three principal arguments against vacating Reese's conviction under the Act, no one of which succeeds. First, it contends the continuance was entered "in consultation with" Reese's counsel during the November 10 pre-trial conference. We reject this attempt to rewrite the record, which makes clear that the District Court began the conference by stating: "So I'm setting the trial - - and I apologize for this, because I can't try the case until February, February 22nd." Although D'Andrea's statement in response to the District Court's postponement of trial suggests he may have been unavailable for trial before February (which may in turn have been a basis for the Court to exclude time under the Act), the Court made no finding that it was stopping the clock based on counsel's availability. Rather, the record shows the Court had already made the decision to postpone trial due to the Court's own schedule.

Second, the Government asserts that Reese cannot now complain because he "was present" at the conference and "raised no objection to the rescheduled date." It emphasizes that D'Andrea not only did not object to the continuance, but if anything voiced his acquiescence to it. However, this argument runs headlong into *Zedner*, in which the Supreme Court squarely rejected the prospective exclusion of time "on the grounds of mere consent or waiver." *Zedner*, 547 U.S. at 500–01.[7]

---

[7] In denying Reese's motion to dismiss, the District Court cited *United States v. Herbst*, 666 F.3d 504 (8th Cir. 2012), and emphasized that "[t]he defendant sat on his rights, . . . made no indications that he disagreed with the continuances[,] . . . [a]nd throughout these proceedings he had counsel." We read *Herbst* to hold that an ends-of-justice continuance granted on the defendant's motion will exclude

12

Third, the Government argues that Reese's Speedy Trial Act challenge fails because he did not establish prejudice. But those arguments, which rely on case law addressing the Sixth Amendment right to a speedy trial, do not apply in the Speedy Trial Act context. As Justice Alito explained for a unanimous Supreme Court in *Zedner*, "[t]he relevant provisions of the Act are unequivocal . . . . When a trial is not commenced within the prescribed period of time, 'the information or indictment *shall be dismissed* on motion of the defendant.'" 547 U.S. at 508 (emphasis in original). The remedy provision of the Act leaves no room for a prejudice or harmless error analysis. *Id.* at 508–09.

## III.    Conclusion

Our decisions give district courts considerable leeway in making the findings required to exclude time from the 70–day time limit under the Speedy Trial Act. But there are still limits. When a district court enters a continuance order without either stating the factual basis for excluding time under the Act or using language that invokes it (the latter of which allows a later factual explanation), the delay caused by the continuance is not excluded and the district court cannot exclude the time in hindsight. That a defendant does not object to the continuance or even expresses acquiescence to the continuance does not change this analysis.

---

time even if the defendant disagreed with his attorney's decision to file the motion, but that holding does not and cannot overrule the principle reaffirmed by the Supreme Court in *Zedner* that a defendant's mere consent or failure to object to a continuance is sufficient to exclude time under the Act.

In this case, as a result of the District Court's November 2016 *sua sponte* continuance, the 70–day clock expired long before Reese was brought to trial. When he moved to dismiss the indictment under the Act, the Court should have dismissed the indictment. The remedy for this error is to reverse the District Court's decision, vacate Reese's conviction, and remand for dismissal of the indictment. That Court needs to decide in the first instance whether the dismissal is with or without prejudice per the factors in 18 U.S.C. § 3162(a)(2).

United States of America v. Kevin Reese
No. 17-2484

_____

AMBRO and GREENAWAY, <u>Circuit Judges</u>, concurring


We write separately to address a trend among our sister Circuits that appears to be expanding the doctrine of waiver by defendants under the Speedy Trial Act. To be clear, the Government has foregone any assertion that Reese waived his Speedy Trial Act challenge in this case by not raising the issue in its appellate brief or in oral argument. *See United States v. Allegheny Ludlum Corp.*, 366 F.3d 164, 174 n.2 (3d Cir. 2004). We nonetheless mention the trend and consider whether the doctrine of waiver would preclude Reese's challenge in this appeal were that issue before us. We conclude it would not.

As background, we note the well-settled rule that a defendant generally may not elect to waive the protections of the Speedy Trial Act, other than by failing to move to dismiss the indictment under 18 U.S.C. § 3162(a)(2). *See United States v. Carrasquillo*, 667 F.2d 382, 388–89 (3d Cir. 1981); *accord United States v. Gambino*, 59 F.3d 353, 360 (2d Cir. 1995) ("[W]hen Congress considered" the issue, "it limited waiver of the 70–day speedy trial requirement to narrowly defined circumstances, *i.e.*, a failure to move for dismissal prior to trial or prior to the entry of a guilty or *nolo contendere* plea.") (collecting cases). This principle was sustained in *Zedner*, in which the Court held that a defendant may not prospectively waive the protections of the Act. 547 U.S. at 501. This is so, the Court explained, because "the Act was designed with the public interest firmly in mind," and

15

"[t]hat public interest cannot be served . . . if defendants may opt out of the Act entirely." *Id.*

In recent years, however, Courts of Appeals have come to recognize a new kind of waiver under the Act. The Seventh Circuit was the first expressly to break this ground in *United States v. O'Connor*, in which the Court considered whether a defendant waived the ability to challenge on appeal several ends-of-justice continuances she had not challenged specifically in her pre-trial motion to dismiss the indictment. 656 F.3d 630, 637 (7th Cir. 2011). *O'Connor* construed the Supreme Court's comment in *Zedner* that the Act "assigns the role of spotting violations of the Act to defendants," 547 U.S. at 502, to mean that "any specific violation not raised in a motion to dismiss is waived." 656 F.3d at 638.

Since the Seventh Circuit's decision in *O'Connor*, four other Circuits have reached essentially the same conclusion. As most recently formulated by the Second Circuit, these courts have held that filing a timely motion to dismiss on Speedy Trial Act grounds is not enough if a defendant "fail[s] to challenge a particular period of delay." *United States v. Holley*, 813 F.3d 117, 121 (2d Cir. 2016) (*per curiam*); *see also United States v. Taplet*, 776 F.3d 875, 881 (D.C. Cir. 2015); *United States v. Loughrin*, 710 F.3d 1111, 1121 (10th Cir. 2013); *United States v. Gates*, 709 F.3d 58, 67 (1st Cir. 2013). Thus, those Circuits have held, "[w]hen a defendant fails to specify the particular exclusions of time within his or her motion to dismiss, [he] has failed to move for dismissal on that ground" and has waived the right to dismissal because of it. *Holley*, 813 F.3d at 121.

These Circuits have buttressed their holdings with several prudential considerations. First, if a defendant is not deemed to waive arguments unmade in the motion to dismiss, "[it] would force the court on a motion to dismiss [on Speedy

16

Trial Act grounds] to consider every conceivable basis for challenging its orders of continuance and exclusions of time, for fear that the defendant would raise new arguments on appeal." *Loughrin*, 710 F.3d at 1121; *accord, e.g.*, *O'Connor*, 656 F.3d at 638 ("If [the mere] filing a motion to dismiss were enough to preserve all violations of the Act—whether identified in the motion or not—then the district court or the government, rather than the defendant, would effectively bear the burden of 'spotting violations,' contrary to the Court's instruction in *Zedner*."). Second, forcing a defendant to identify specific periods of delay "ensures that the district court has the opportunity to develop all arguments below and fully explain its reasoning for excluding a particular period of delay." *Holley*, 813 F.3d at 121. Third, "requiring defendants to notify district courts of any potential exclusions of time within their motions to dismiss . . . prevents undue defense gamesmanship." *Taplet*, 776 F.3d at 880 (quotation marks omitted). In the absence of this broadened waiver doctrine, the rationale goes, defendants may "withhold meritorious non-excludable time in their motions to dismiss on the chance that, if their trials go badly," an appellate court's reversal under the Act will provide "a one-time reset button" and give them "a second bite of the apple." *Id.* at 881.

We observe that a different approach to construing the waiver provision in the Act is more easily reconciled with the language of the Act and the *Zedner* decision. A defendant who moves to dismiss an indictment under the Act has "the burden of proof of supporting such motion." 18 U.S.C. § 3162(a)(2). Thus, to the extent a defendant's motion is premised on a challenge to the district court's exclusion of a specific period of time under the Act, he bears the burden to prove the exclusion was invalid. We thus would reach the same result as our sister Circuits in that scenario.

17

But to the extent a defendant's motion is premised more generally on the clear expiration of more than 70 unexcluded days under the Act, the defendant can meet his burden of proof under 18 U.S.C. § 3162(a)(2) by notifying the district court of its expiration through a basic motion to dismiss under the Act. In that latter scenario, a district court is obliged under *Zedner* at least to "tally the unexcluded days" and, if they exceed the 70 days allowed under the Act, dismiss the indictment per the Act. 547 U.S. at 507.

In most cases the distinction we propose will make no difference. Generally a defendant seeking dismissal on Speedy Trial Act grounds will need to challenge a district court's exclusion of time to succeed on his motion. This means that a defendant typically must "challenge a particular period of delay," as other Circuits have held. *Holley*, 813 F.3d at 121. But in some cases a basic motion to dismiss will suffice to establish the point that dismissal is warranted. For example, if a defendant were indicted and arraigned but the court never set a date for trial, it would make no sense to require the defendant to challenge a specific continuance order or a specific period of delay other than to move to dismiss in a timely way. Similarly in this case (when Reese filed his motion at the end of the over 70–day unexcluded delay caused by the District Court's *sua sponte* continuance), Reese's motion was enough to demonstrate to the Court that more than 70 unexcluded days had expired.

In short, we believe Reese's Speedy Trial Act challenge would have survived a waiver argument had the Government made one.

18