NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2801

_____

UNITED STATES OF AMERICA

v.

MICHAEL KOCH,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 4-16-cr-00315-001)
District Judge: Honorable Matthew W. Brann

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 17, 2019

Before: AMBRO, RESTREPO, and FISHER, <u>Circuit Judges</u>

(Opinion filed: July 12, 2019 )

_____

OPINION[*]

_____

AMBRO, <u>Circuit Judge</u>

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Michael Koch pled guilty in the District Court to two counts of mailing threatening communications in violation of 18 U.S.C. § 876(c), and three counts of threatening a former federal official in violation of 18 U.S.C. § 115(a)(2), for which he received a within-Guidelines sentence of 96 months' imprisonment. He appeals to us raising six claims of error. We do not sustain any of them, so we affirm. We are also unable to review his claim of ineffective assistance of counsel; to the extent he wishes to pursue that claim, he will need to do so in the District Court under 28 U.S.C. § 2255.

## I.    Background

Koch pled guilty to murder in 2003 and has been in federal prison since then. At some time he was transferred to a high-security federal penitentiary in Lewisburg, Pennsylvania, where he received treatment from a staff psychologist, D.M. In June 2016, Koch sent two letters from prison—one to the District Court, and one to the U.S. Attorney in Seattle, Washington (the office that had prosecuted him for the murder in 2003). In the letters, Koch threatened to kidnap, torture, and maim D.M. The opening line of his letter to the District Court states:

> As soon as possible I will kidnap [D.M.] from her home, car, place of employment or wherever I find it most convenient, by force, I will use duct tape to bind her hands and feet, and cover her mouth, I will put [D.M.] in a cardboard box and transport her to a location of my choice, there I will use many devices to torture [her] and to maim her.

(Letter from Koch to District Court (June 1, 2016).) The letters go on to provide extensive detail on how Koch planned to carry out this violence against D.M.

2

Based on these letters, the Government charged Koch with two counts of mailing threatening communications and three counts of threatening a former federal official. Koch pled guilty without a plea agreement. Before sentencing he filed a motion to withdraw the guilty plea based on a claim that he never actually intended to carry out the threats he made in the letters. The District Court denied that motion. As noted, it gave Koch a within-Guidelines sentence of 96 months' imprisonment.

## II.    Discussion

Koch raises six claims of error on appeal. We address each in turn.

### A.  Acceptance of Responsibility

The District Court declined to grant an offense-level reduction for acceptance of responsibility under U.S. Sentencing Guideline § 3E1.1. That Guideline provides up to a three-level reduction for a defendant who "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a)–(b). The District Court ruled that Koch did not qualify for this reduction because he attempted to withdraw his plea on an unpersuasive ground and did not express an acceptance of fault for the letters he had written. Koch did not challenge that ruling at his sentencing, so we review it for plain error. *See United States v. Dahl*, 833 F.3d 345, 357 (3d Cir. 2016). That means (1) an error (2) that is "clear or obvious" (3) that "affected the appellant's substantial rights" and (4) "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Apple MacPro Computer*, 851 F.3d 238, 245 (3d Cir. 2017) (internal brackets and quotation marks omitted). We do not discern a clear error here: before

sentencing Koch sought to withdraw his guilty plea based on an unpersuasive argument that he never intended to carry out the threats in his letters. Given those circumstances, we cannot say the District Court made a "clear" or "obvious" error by declining to grant an offense-level reduction under U.S.S.G. § 3E1.1.

### B. Intent to Commit Threatened Violence

The District Court imposed a six-level increase in Koch's offense level under U.S.S.G. § 2A6.1. That Guideline calls for this increase when a defendant is convicted of a crime for threatening communications and "the offense involved any conduct evidencing an intent to carry out such a threat." U.S.S.G. § 2A6.1(b)(1). The District Court found Koch had that intent based on the gruesome detail of his letters and the similarity between the conduct threatened and the murder for which Koch was convicted back in 2003. We review this factual finding for clear error. *See United States v. Green*, 25 F.3d 206, 211 (3d Cir. 1994). We discern no clear error—the level of detail in Koch's letters and the similarity to the 2003 murder were enough to support the Court's finding of intent. *See id.* at 210–11; *see also United States v. Bohanon*, 290 F.3d 869, 875 (7th Cir. 2002).

### C. Koch's Criminal History

The Court calculated Koch's criminal history as Category III based on his commission of the offense while imprisoned, U.S.S.G. § 4A1.1(d), and his prior conviction for murder. Koch contends the murder conviction should not have counted toward his criminal history because that conviction "lacked an essential element." (Koch

4

Br. at 17.)  Specifically, he claims the murder conviction is invalid because his attorney

in that proceeding did not adequately explain to him that "being an Indian" was an

element of the crime before Koch pled guilty to it.  (*Id.*)  Thus he believes the conviction

was invalid and should not have counted toward his criminal history here.  (*Id.*)  This line

of argument is basically a collateral attack on Koch's prior conviction, which is not a

valid ground to overrule the District Court's calculation of his criminal history category.

Per the Guidelines, the District Court correctly included the valid prior conviction to

calculate Koch's criminal history.  *See* U.S.S.G. § 4A1.1–.2.

### D.  Interstate Agreement on Detainers Act

Koch claims his indictment should have been dismissed under the Interstate

Agreement on Detainers Act, 18 U.S.C. app. 2 § 2.   It concerns prisoner transfers that

are prompted by one jurisdiction's prosecution of criminal charges against a person

detained by another jurisdiction.  *See* 18 U.S.C. app. 2 § 2; *United States ex rel. Esola v.*

*Groomes*, 520 F.2d 830, 833–34 (3d Cir. 1975).  But this argument "fails to recognize the

fundamental principle that entry of a guilty plea acts as a waiver of the provisions of the

[Detainers Act]."  *United States v. Fulford*, 825 F.2d 3, 10 (3d Cir. 1987).  Moreover, the

Act applies only where the detaining jurisdiction and the prosecuting jurisdiction are

different, *see* 18 U.S.C. app. 2 § 2; *Esola*, 520 F.2d at 833–34, whereas here they are the

same (the federal government).

### E. Speedy Trial Act

Koch contends the District Court should have dismissed his indictment for violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* It "generally requires a federal criminal trial to begin within 70 days after a defendant is charged or appears in the court where the charges are pending, whichever is later." *United States v. Reese*, 917 F.3d 177, 181 (3d Cir. 2019). However, it also contains a series of provisions for excluding time from the clock. *See id.*

Koch asserts that more than 266 days expired on the 70–day clock before he moved to dismiss the indictment under the Act. But his calculation does not exclude time during which a motion was pending, *see* 18 U.S.C. § 3161(h)(1)(D), and also does not exclude the continuances his attorney received on Koch's motion "for the ends of justice" under 18 U.S.C. § 3161(h)(7)(A). Properly excluding those days, we discern only five unexcluded days under the Speedy Trial Act. Koch appeared for his arraignment on November 8, 2016, and then he stopped the clock by filing a motion five days later. With the clock still stopped, Koch's attorney moved several times for continuances in the interests of justice to prepare for trial, and the court granted those motions, excluding time continuously until September 11, 2017, when Koch entered his guilty plea. In short, we discern no violation of the Speedy Trial Act on the current record.

As an alternative argument, Koch contends that his trial counsel rendered ineffective assistance in connection with the Speedy Trial Act. Specifically, he says that counsel did not have his consent to file various motions to continue trial. Therefore,

6

Koch claims, his attorney gave ineffective assistance. However, we are unable to review this argument on direct appeal. It is premised on factual assertions—namely, that Koch's trial attorney filed continuance motions without his consent—that are not before us. It is a "well-settled rule" that our Court does not entertain such claims on direct appeal. *Government of Virgin Islands v. Lewis*, 620 F.3d 359, 371 (3d Cir. 2010). We recognize a narrow exception to this rule only when "the record is sufficient to allow determination of ineffective assistance of counsel, [and] an evidentiary hearing to develop the facts is not needed." *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991). That exception does not apply here. If Koch wishes to pursue a claim of ineffective assistance of counsel, he would need to do so through a post-conviction collateral proceeding, perhaps under 28 U.S.C. § 2255.

### F. Removal from Courtroom

Koch claims he should receive a resentencing because he was removed from the courtroom during his sentencing. To be sure, Federal Rule of Criminal Procedure 43 generally requires a defendant's presence during sentencing. *See* Fed. R. Crim. P. 43(a)(3). But the Rule also provides that a defendant who was present for his guilty plea (as Koch was here) "waives the right to be present . . . when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom." Fed. R. Crim. P. 43(c)(1)(C). That is what happened here. During sentencing the Court gave Koch an opportunity to speak. He used that opportunity to make arguments about his

murder conviction; he did not discuss the crimes for which he was being sentenced. At the end, the Court asked Koch whether he had anything else to say. Koch responded, "I'm not staying for the rest of this. I'm done. I won't do this shit." (A43.) He then became belligerent, talking over the District Judge and the courtroom security officer. Finally the Judge told Koch to calm down or he would be moved to another courtroom with videoconference. Koch said "Let's do that. Let's go to another courtroom." (A47.) There was thus no error in Koch participating in the remainder of the sentencing by videoconference.

*　　*　　*　　*　　*

We cannot sustain any of Koch's claims of error and thus affirm.