NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-1996

———————

UNITED STATES OF AMERICA

v.

JULIUS GREER
a/k/a
"POONY"

Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-10-cr-00711-001)
District Judge: Honorable John R. Padova

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
March 5, 2018

Before: MCKEE, AMBRO, and RESTREPO, *Circuit Judges*

(Opinion filed: January 7, 2021)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*

We previously affirmed Julius Greer's conviction and held that he was not entitled to relief even though his rights under the Speedy Trial Act were violated. After reviewing the record for plain error, we found "nothing in the record to suggest that the district court's erroneous decision to grant the government's moot continuance request affected the outcome of this case."[1]

While Greer's petition for certiorari review of that decision was pending before the Supreme Court, we issued a precedential opinion in *United States v. Reese*.[2] In *Reese*, we concluded that a violation of the Speedy Trial Act must result in dismissal of the indictment because "[t]he remedy provision of the Act leaves no room for a prejudice or harmless error analysis."[3] Accordingly, we granted Greer's subsequent petition to recall the mandate denying relief in this case and granted panel rehearing.

Our precedential decision in *Reese* now controls our review of Greer's appeal. Since we held in *Reese* that a violation of the Speedy Trial Act requires reversal, it is clear that Greer's conviction is not subject to plain error review. Accordingly, Greer's conviction must be vacated.

---

[1] *United States v. Greer*, 734 F. App'x 125, 128 (3d Cir. 2018) (concluding "we may reverse only if, *inter alia*, the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.") (internal quotations and citations omitted), *judgment entered* (Sept. 27, 2018), *cert. denied*, 139 S. Ct. 2667 (2019), *reh'g granted, order vacated*, 786 F. App'x 383 (3d Cir. 2019).
[2] 917 F.3d 177 (3d Cir. 2019).
[3] *Id*. at 184 ("As Justice Alito explained for a unanimous Supreme Court in *Zedner*[ *v. United States*, 547 U.S. 489 (2006)], [t]he relevant provisions of the Act are unequivocal. . . . When a trial is not commenced within the prescribed period of time, the information or indictment *shall be dismissed*.") (emphasis in original) (internal quotations omitted).

For the foregoing reasons, we will vacate Greer's conviction and remand for dismissal of the indictment.[4]

---

[4] On remand, the district court "needs to decide in the first instance whether the dismissal is with or without prejudice per the factors in 18 U.S.C. § 3162(a)(2)." *Id.*