In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-2145

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

EDDI RAMIREZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 2:12-cr-20068-MPM-DGB-5 — **Michael P. McCuskey**, *Judge.*

ARGUED FEBRUARY 25, 2015 — DECIDED JUNE 10, 2015

Before BAUER, FLAUM, and MANION, *Circuit Judges.*

BAUER, *Circuit Judge.* On October 4, 2012, a federal grand jury indicted Eddi Ramirez for conspiracy to sell or distribute cocaine and for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. On December 11, 2013, Ramirez filed a motion to dismiss the indictment for lack of a speedy trial under the Speedy Trial Act ("STA"), 18 U.S.C. §§ 3161–74, which the district court denied. Ramirez now seeks review of that decision. Because we

conclude that the district court erred in denying Ramirez's motion to dismiss, we reverse.

## I. BACKGROUND

Ramirez was arrested for conspiracy to distribute cocaine and possession with intent to sell cocaine on August 31, 2012. He and ten co-defendants were indicted on October 4, 2012.

Ramirez was arraigned on October 15, 2012. At the arraignment he pleaded not guilty and the court set the trial date for December 10, 2012. On Ramirez's motion, the district court continued the matter for status to January 24, 2013, making a § 3161(h)(7)(A) ends of justice finding that delay was appropriate due to the complexity of the case. At the status conference on January 24, 2013, the court continued the case to April 5, 2013, making another ends of justice finding to allow counsel additional time to prepare for trial. At the status conference on April 5, 2013, Ramirez indicated that he "want[ed] a trial date now" and would file a motion to sever his case from his co-defendants. In response, the court set a briefing schedule for the motion to sever and rescheduled the trial for June 3, 2013. Again, the court made an ends of justice finding that this was a complex case, excluding the time from April 5, 2013, to June 3, 2013, from the speedy trial clock.

Ramirez filed his first motion to sever on April 10, 2013. On May 3, 2013, the court held a hearing on the motion and denied it in the interest of judicial economy. The court then vacated the June 3 trial date and set a status conference for June 17, 2013, making an ends of justice finding excluding time from May 3 to June 17, 2013.

Prior to the status hearing on June 17, 2013, two of Ramirez's co-defendants, Erica Kulak and Teravena Kapraun, pleaded guilty. During the June 17 hearing, four more co-defendants, Juan Vorarth, Leonardo Aldape-Hernandez, Gabriel Lopez-Saucedo, and Jourdan Hullinger, informed the court of their intentions to enter guilty pleas. Ramirez requested that the court set a trial date and indicated that he would file another motion to sever from the remaining defendants in the case. In response, the court scheduled briefing on the second motion to sever and set a motion hearing for August 9, 2013, again making an ends of justice finding.

By the hearing on August 9, 2013, only Ramirez, Felipe Quinones, Hullinger, and three fugitives remained defendants. Of the named defendants, at least two were likely to plead out. Quinones indicated that he would likely be pleading guilty and, with respect to Hullinger, the government predicted that her case would likely be resolved by plea. With that in mind, the court granted Ramirez's motion to sever as to the three fugitive co-defendants, but denied it as to Quinones and Hullinger. The court reasoned that denial as to those two was appropriate given how few defendants remained on the case, particularly in light of the possibility that at least one, if not both, of the remaining co-defendants would not be going to trial.

After ruling on the motion to sever, the court opened discussion to setting a new trial date. Ramirez indicated that he preferred an October trial date to one in February. The court ruled out October, however, citing its crowded calendar. The court then set trial for February 3, 2014, and made an ends of

justice finding that the period of delay from August 9, 2013, to February 3, 2014, was excluded from the STA time limit. The court did not identify a specific basis for its ends of justice finding at that time.

The next status conference took place on November 19, 2013. By then, Quinones had pleaded out. At the conference, Hullinger informed the court that she would be pleading out as well, at which point Ramirez again requested a trial date sooner than February 3, 2014. Citing for a second time the upcoming holiday calendar and the crowded trial docket, the court indicated that Ramirez would have to bring a further motion to sever from Hullinger if he wanted an earlier trial date.

On December 11, 2013, Ramirez filed a motion to dismiss for lack of a speedy trial. He argued that district court failed to make a valid ends of justice finding at the hearing on August 9, 2013; specifically, Ramirez argued that the district court continued the case due to its congested calendar in violation of the STA, which resulted in a delay in excess of the STA's seventy-day limitation. The district court denied Ramirez's motion and issued an opinion on January 21, 2014. In the opinion, the court conceded that it discussed its crowded calendar during the hearing on August 9, 2013, but explained that its ends of justice finding was actually motivated by the complexity of the case and the fact that Ramirez was joined with co-defendants who had not been severed or made speedy trial demands, not by his court's calendar.

Ramirez went to trial on February 3, 2014. The jury returned a guilty verdict and judgment was entered on May 23,

2014. Ramirez appealed, claiming the district court improperly continued his trial date for six months—from August 9, 2013, to February 3, 2014—in violation of the STA.

## II. DISCUSSION

Ramirez argues that the district court erred in denying his motion to dismiss under the STA. We review the district court's legal interpretation of the STA *de novo*, and its decisions to exclude time for an abuse of discretion. *See United States v. Wasson*, 679 F.3d 938, 943 (7th Cir. 2012). Absent legal error, we will reverse the district court's decision to exclude time only where the defendant can show both an abuse of discretion and actual prejudice. *Id*. at 943–44.

The STA mandates that a trial of any case in which a plea of not guilty is entered shall begin within seventy days of the information or indictment, or from the defendant's appearance before a judicial officer, whichever date last occurs. 18 U.S.C. § 3161(c)(1). The STA imposes the time restriction "to protect the defendant from excessive pre-trial delay and incarceration by the government and to protect the public's interest in the speedy resolution of justice." *United States v. Larson*, 417 F.3d 741, 746 (7th Cir. 2005). This restriction is not completely rigid, however: the STA excludes certain periods of time from the seventy-day clock "[t]o provide the necessary flexibility to accommodate pretrial proceedings that result in justifiable delay." *United States v. Napadow*, 596 F.3d 398, 402 (7th Cir. 2010).

Relevant to this case, § 3161(h)(7) of the STA "permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors,

makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial." *Zedner v. United States*, 547 U.S. 489, 498–99 (2006). The factors underpinning an ends of justice finding "need not be articulated contemporaneously on the record," *Wasson*, 679 F.3d at 946, but must be memorialized, either orally or in writing, by the time the court rules on a defendant's motion to dismiss. *Id*. at 945–46. *See also* 18 U.S.C. § 3161(h)(7)(A). If the district court "fails to make the requisite finding regarding the need for an ends-of-justice continuance, the delay resulting from the continuance must be counted, and if as a result the trial does not begin on time, the indictment or information must be dismissed." *Zedner*, 547 U.S. at 508.

During the hearing on August 9, 2013, the district court made an ends of justice finding pursuant to 18 U.S.C. § 3161(h)(7)(A) and excluded the time from the hearing to February 3, 2014, the new trial date, but did so without articulating the factors it considered in granting the continuance. The transcript from the August 9 hearing strongly suggests that the district court's decision to continue the case was based on its crowded calendar, a factor wholly impermissible for consideration in support of an ends of justice continuance. *See* 18 U.S.C. § 3161(h)(7)(C). While the district court later explained in its opinion denying Ramirez's motion to dismiss that the case's complexity, as well as the fact that Ramirez remained joined with co-defendants who had not demanded a speedy trial, motivated the continuance, we are not convinced by the court's *post hoc* explanations.

While complexity is an acceptable factor under the STA's statutory scheme, *see* 18 U.S.C. § 3161(h)(7)(B)(ii), neither the

transcript from the August 9 hearing, nor the circumstances of the case at the time, suggest that complexity actually motivated the court's ends of justice continuance. First, the court never discussed complexity. This is perhaps not entirely surprising because, by the time of the August 9 hearing, the case had grown far less complex than it had been at its inception. By then, all but two of Ramirez's co-defendants had pleaded out and there were strong indications that at least one, if not both, of the remaining co-defendants would plead guilty, as well. Furthermore, the government, "err[ing] on the side of length," estimated that the trial would take at most two weeks, regardless of whether Ramirez was tried alone or with co-defendants. The government also explained at the August 9 hearing that it was in the "unique" position of "trying to reduce the amount of evidence to present" in light of the many defendants who had pleaded out and who agreed to cooperate against Ramirez.

The district court's second *post hoc* identified factor—Ramirez's continued joinder with co-defendants who had not demanded speedy trial—is also not apparent from the hearing transcript. The court's discussion of the number of defendants was in reference to the denial of Ramirez's motion to sever, not in reference to setting a trial date. Additionally, the district court expressly made its ends of justice finding pursuant to § 3161(h)(7), not the joinder with co-defendants provision, an entirely separate basis for exclusion of time, contained in § 3161(h)(6).

Instead of either of the purported explanations, the transcript is littered with references to the court's crowded calendar. The court discussed his packed October calendar repeatedly. The court also described how his docket had grown more

crowded than usual, despite the fact that he was leaving the bench the following year. Finally, although the court did not offer any reason for its failure to offer alternative trial dates in the months between October and February, the November 19 hearing seems to shed light on the omission. At the November hearing, the court described his inability to schedule trial between November and January due to the holiday season (from Thanksgiving to Martin Luther King Day), in addition to the court's already crowded calendar.

As the Supreme Court recognized in *Zedner*, the built-in flexibility of the ends of justice continuance has the potential to "get out of hand," so "procedural strictness" is necessary to counteract that danger. *Zedner*, 547 U.S. at 509. That procedural strictness requires on-the-record findings that sufficiently identify the factors that were considered in making an ends of justice continuance. *See United States v. Crawford*, 982 F.2d 199, 204 (6th Cir. 1993). Here, we are unable to discern from the record any permissible factors considered. The district court's stated motivations do not comport with the record; the record only reveals that the district court repeatedly blamed its crowded calendar for its inability to schedule a sooner trial date, a factor relied upon in error. *See* 18 U.S.C. § 3161(h)(7)(C) ("No continuance … shall be granted because of general congestion of the court's calendar."). And the district court's *post hoc* rationalizations do not cure the error. A judge may not "grant an 'ends of justice' continuance *nunc pro tunc*, providing after the fact justification for unauthorized delays." *United States v. Janik*, 723 F.2d 537, 545 (7th Cir. 1983) (internal citation omitted).

### III.  CONCLUSION

Because we conclude that the district court erred, the six-month delay from August 9, 2013, to February 3, 2014, cannot be excluded from the STA's seventy-day clock. Properly included, then, the period from August 9, 2013, to February 3, 2014, brings Ramirez's delay to at least 178 days, well beyond the STA's limit. For this reason, we reverse the district court's denial of Ramirez's motion to dismiss and remand with instructions to vacate Ramirez's conviction and order the release of the prisoner instanter. *See* 18 U.S.C. § 3162(a)(2) ("If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed").

Mandate to issue instanter.