# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1610
_____

United States of America

*Plaintiff - Appellee*

v.

Rene L. Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: October 23, 2020
Filed: March 9, 2021

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

SMITH, Chief Judge.

Rene L. Johnson was indicted for mail fraud, wire fraud, and making false statements to a federal agent. She made her initial appearance before the district court on September 15, 2017, but her trial did not begin until October 29, 2018—14 months after her initial appearance. During this 14-month period, the court ordered four continuances, the last of which was ordered sua sponte because of a scheduling

conflict. Prior to trial, Johnson moved to dismiss the indictment, alleging violations of the Speedy Trial Act and her Sixth Amendment right to a speedy trial. The district court denied the motion. At trial, the jury convicted Johnson of wire fraud. Johnson appeals, asserting that her rights under the Speedy Trial Act and Sixth Amendment right to a speedy trial were violated when the district court granted an ends-of-justice continuance based on general congestion of the court's calendar. We agree. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

## I. *Background*

On September 7, 2017, Johnson was indicted for mail fraud, in violation of 18 U.S.C. § 1341; wire fraud, in violation of 18 U.S.C. § 1343; and making material false statements to a federal agent, in violation of 18 U.S.C. § 1001. On September 15, 2017, the district court held Johnson's initial appearance and arraignment; the speedy trial clock began on this date. *See* 18 U.S.C. § 3161(c)(1) (requiring trial to begin within 70 days after a defendant is charged or makes an initial appearance).The district court scheduled Johnson's trial for November 14, 2017.

On October 24, 2017, Johnson filed a motion for discovery. On November 3, 2017, the government moved to continue the trial date for up to 120 days and moved to exclude the delay from the Speedy Trial Act in response to Johnson's discovery motion ("first continuance"). The government asserted that the quantity of materials that Johnson requested could not be reviewed and prepared prior to the trial date.

The district court granted the government's first continuance motion on November 6, 2017. The court determined that the government promptly and diligently acted in bringing the matter to the court's attention and concluded that "there is good cause to continue the trial, and 'the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" Order Granting Government's Mot. to Continue Trial ("First Continuance Order") at 1,

*United States v. Johnson*, No. 1:17-cr-00186-PDW (D.N.D. 2017), ECF No. 22 (quoting 18 U.S.C. § 3161(h)(7)(A)). The court rescheduled Johnson's trial for March 27, 2018. It found that "[a]ll time which elapses from the date of this order until trial shall be excluded from any Speedy Trial Act calculation." *Id.* at 2.

On December 18, 2017, the district court denied in part and granted in part Johnson's discovery motion.

On February 7, 2018, the government filed a superseding indictment against Johnson. The superseding indictment added one count of making false statements on a loan application, in violation of 18 U.S.C. § 1014.

On February 15, 2018, Johnson filed a second discovery motion. Five days later, on February 20, 2018, the government moved for a 60-day continuance because an essential witness was unable to travel following surgery and thus unavailable for trial ("second continuance"). On February 28, 2018, the district court granted the government's second continuance motion. It found that "there [was] good cause to continue the trial, and 'the ends of justice served by taking such action outweigh[ed] the best interest of the public and the defendant in a speedy trial.'" Order Granting Government's Mot. to Continue Trial ("Second Continuance Order") at 1, *United States v. Johnson*, No. 1:17-cr-00186-PDW (D.N.D. 2018), ECF No. 33 (quoting 18 U.S.C. § 3161(h)(7)(A)). The court rescheduled a three-day trial for June 18, 2018. It determined that "[a]ll time which elapses from the date of this order until trial shall be excluded from any Speedy Trial Act calculation." *Id.*

On May 21, 2018, the court held a status conference. The parties requested an additional seven days to try the case—extending the trial time to ten days. The ten-day trial request conflicted with the court's trial calendar. On June 11, 2018, the district court issued an order recognizing that "a scheduling conflict has arisen involving other obligations of the [c]ourt[,] and the [d]efendant['s] trial needs to be rescheduled"

("third continuance"). Order ("Third Continuance Order") at 1, *United States v. Johnson*, No. 1:17-cr-00186-PDW (D.N.D. 2018), ECF No. 39. The court acknowledged Johnson's "constitutional right to a speedy trial," but it determined that "briefly delaying the trial will not cause any undue prejudice or harm." *Id.* The court found that "there [was] good cause to continue the trial and that 'the ends of justice served by taking such action outweigh[ed] the best interest of the public and the defendant in a speedy trial.'" *Id.* (quoting 18 U.S.C. § 3161(h)(7)(A)). The court rescheduled the anticipated ten-day trial to begin on August 6, 2018. The court determined that "[a]ll time which elapses from the date of this order until trial shall be excluded from any Speedy Trial Act calculation." *Id.*

Then, on July 10, 2018, the court sua sponte continued the ten-day trial to October 29, 2018 ("fourth continuance"). Like the June 11 order, the court explained that "a scheduling conflict has arisen involving other obligations of the [c]ourt, and the [d]efendant['s] trial needs to be rescheduled." Order Continuing Trial ("Fourth Continuance Order") at 1, *United States v. Johnson*, No. 1:17-cr-00186-PDW (D.N.D. 2018), ECF No. 44. The court again recognized Johnson's speedy trial rights but determined that the delay would not cause her "any undue prejudice or harm." *Id.* As it did in the June 11 order, the court "excluded from any Speedy Trial Act calculation" "[a]ll time which elapses from the date of this order until trial." *Id.*

Johnson moved to dismiss the indictment based on violations of her right to a speedy trial under the Sixth Amendment and the Speedy Trial Act. The district court denied Johnson's motion to dismiss. The Speedy Trial Act required Johnson's trial to begin within 70 days after Johnson made her initial appearance on September 15, 2017. *See* 18 U.S.C. § 3161(c)(1). But, as the district court noted, "[t]he Act provides a detailed list of instances that toll the speedy trial clock." Order Den. Def.'s Mot. to Dismiss at 5, *United States v. Johnson*, No. 1:17-cr-00186-PDW (D.N.D. 2018), ECF No. 58 (citing 18 U.S.C. § 3161(h)). To comply with the Act, the district court kept tally on the unexcluded days and excluded days. The court determined that 39

unexcluded days elapsed between Johnson's initial appearance on September 15, 2017, and the filing of Johnson's initial discovery motion on October 24, 2017. The filing of the discovery motion, however, tolled the speedy trial clock until December 18, 2017, when the district court ruled on the discovery motion. Next, the district court excluded from the speedy trial clock the time period between December 18, 2017, and June 18, 2018. During this time period, Johnson filed an additional discovery motion, and the government filed its two continuance motions. Finally, the district court excluded from the speedy trial clock the time period up to and including the rescheduled trial date of October 29, 2018. During this time period, the court granted the parties' request for an additional seven days to try the case, and the court sua sponte continued the case "because of a scheduling conflict." *Id.* at 7 (citing 18 U.S.C. § 3161(h)(7)(A)).

The court rejected Johnson's argument that it "violated the Speedy Trial Act by making insufficient findings and granting continuances because of general docket congestion." *Id.* at 8. According to the court, it granted continuances

> because of (1) the large amount of discovery involved in this case and the parties' need for additional time to prepare for trial; (2) the unavailability, due to recovery from surgery, of a necessary witness; (3) the parties' request for seven additional days of trial; and (4) *specific scheduling conflicts that arose* after the Court accommodated the parties' request for an extended trial.

*Id.* (emphasis added). The court explained that all of these continuances "served the ends of justice and outweighed the best interests of the public and Johnson in a speedy trial." *Id*. at 10.

The court denied Johnson's contention that it granted continuances "merely because of 'general congestion of the court's calendar' as prohibited by Section 3161(h)(7)," stating:

Admittedly, *the Court has a congested calendar*. The oil boom in North Dakota *dramatically increased the number of cases* before this Court. Further, the Judicial Conference has declared a *judicial emergency* for this District, which has only one active judge and no senior status judges. *But the delay in this case was not due to general docket congestion.* Specific conflicts arose when it became apparent that the parties needed more time to try their case. Rather than forcing the parties to try the matter in summary fashion in three days, the Court found that accommodating the parties' request served the ends of justice.

Pursuant to this District's Speedy Trial Plan, which complies with the Speedy Trial Act and Federal Rule of Criminal Procedure 50, the Court set the matter for trial on August 6, 2018. *Roughly forty-nine different trials had been set during that time frame at one time or another. The Court cannot try more than one case at a time.* Under this District's Speedy Trial Plan, when compliance with the Plan's time limit is not possible, the judge to whom a case is assigned may transfer the case to another member of the Court. Because this Court has no other judges, active or otherwise, the undersigned attempted to recruit other judges from other districts but was unsuccessful and reset the trial date to October 29, 2018. This District's Speedy Trial plan also requires the Court to give preference to defendants who are in custody while awaiting trial. Because Johnson was released on bond, and due to the length of her trial, *the Court tried a criminal case where the defendant had been detained for 117 days prior to his trial on August 6, 2018.* That defendant was ultimately acquitted of all charges. The Court's decision—that delaying Johnson's trial on August 6, 2018, served the ends of justice and outweighed the best interests of the public and Johnson in a speedy trial—did not violate the Speedy Trial Act or the interests it was meant to protect. *The undersigned was simply not able to*

*try two criminal cases on August 6, 2018, and had no other alternatives available.*

*Id.* at 9–10 (emphases added) (footnotes and citations omitted).

The district found no violation of Johnson's rights under the Speedy Trial Act or under the Sixth Amendment. The district court denied Johnson's motion to dismiss.

Johnson proceeded to trial on October 29, 2018. The jury convicted her of wire fraud but acquitted her on the remaining three counts. She was sentenced to time served.

## II. *Discussion*

On appeal, Johnson argues that the district court erred in denying her motion to dismiss based on violations of the Speedy Trial Act and her Sixth Amendment right to a speedy trial.

"We review the district court's findings of fact for clear error but review its legal conclusions de novo." *United States v. Williams*, 557 F.3d 943, 948 (8th Cir. 2009). We review "Sixth Amendment and Speedy Trial Act challenges for delay . . . independently of one another." *Id.* (quoting *United States v. Sprouts*, 282 F.3d 1037, 1041 (8th Cir. 2002)).

## A. *Speedy Trial Act*

As to the Speedy Trial Act violation, Johnson maintains that the 70-day time period within which to bring her to trial expired at least 21 days prior to trial. She notes that 39 nonexcludable days elapsed by the time of the fourth continuance.[1] She

---

[1]Johnson does not challenge the first continuance that the government sought and the district court granted. *See* Appellant's Br. at 18 ("On November 3, 2017,

maintains that the 52-day delay occasioned by this final continuance was not excludable under the Act. Because she was not brought to trial within the 70-day deadline, Johnson asserts that her conviction must be reversed. Johnson requests that this court dismiss her conviction with prejudice.

The government asks this court to exclude the District of North Dakota's congested court docket and its resulting judicial emergency from § 3161(h)(7)(C)'s ban on granting continuances for "general congestion of the court's calendar."

Under the Speedy Trial Act, a trial must "begin within 70 days of the filing of an information or indictment or the defendant's initial appearance." *Zedner v. United States*, 547 U.S. 489, 497 (2006) (citing 18 U.S.C. § 3161(c)). However, "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Id.* Congress included in the Act "a long and detailed list of periods of delay that are excluded in computing the time within which trial must start" "[t]o provide the necessary flexibility" in criminal cases. *Id.* (citing 18 U.S.C. § 3161(h)).

---

. . . the Government moved for continuance. The District Court granted the continuance on November 6, 2017. The interval between motion and order *is excluded* under 18 U.S.C. § 3161(h)(1)(D)." (emphasis added) (citations omitted)). But Johnson does challenge the district court's grant of the second continuance based on witness unavailability. *Id.* at 18–19. Johnson also asserts that the government's discovery violations caused the parties to request an additional seven days of trial and the resulting third continuance. *Id.* at 19. The government conceded at oral argument that if the fourth continuance is not for an allowable purpose, a Speedy Trial Act violation exists. Oral Arg. at 13:27–13:57. We will limit our analysis to the fourth continuance, which we find dispositive.

Relevant to the present case, § 3161(h)(7)(A)[2]

permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial. This provision gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs.

*Id.* at 498–99.

When a district court grants an ends-of-justice continuance, "it must 'se[t] forth, in the record of the case, either orally or in writing, its reasons' for finding that the ends of justice are served and they outweigh other interests." *Id.* at 506 (alteration in original) (quoting 18 U.S.C. § 3161(h)(7)(A)). The court must make the findings, "if only in the judge's mind, before granting the continuance." *Id.* However, the district court need only put those findings "on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)." *Id.* at 507; *see also United States v. Adejumo*, 772 F.3d 513, 522 (8th Cir. 2014) ("[W]e have previously held that the district court is not required to make a contemporaneous record of its ends-of-justice findings.").

The Act sets forth factors the court must consider in deciding whether to grant an ends-of-justice continuance. *See* 18 U.S.C. § 3161(h)(7)(B). But "[n]o continuance [under § 3161(h)(7)(A)] shall be granted because of *general congestion of the court's calendar*, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." *Id.* § 3161(h)(7)(C) (emphasis added). "The prohibition recognizes that the entire structure of the Speedy Trial Act is intended to eliminate delays caused by crowded dockets." *United States v. Nance*, 666 F.2d 353,

---

[2]Formerly 18 U.S.C. § 3161(h)(8)(A).

356 (9th Cir. 1982). An "'ends of justice' continuance cannot be granted simply to serve the court's own scheduling needs, as opposed to the needs of the parties." *United States v. Gallardo*, 773 F.2d 1496, 1503 (9th Cir. 1985).

While this court has not addressed the Act's prohibition on granting a continuance for general congestion, we have previously addressed the impact of a court's congested calendar on a defendant's Sixth Amendment right to a speedy trial, stating:

> Where a multiple-judge court uses the individual calendar system, all judges must share responsibility for the prompt disposition of criminal cases, must employ a team approach to those cases, and, when necessary, must reassign them in order that they may be tried according to the commands of the Sixth Amendment and Criminal Rules 48(b) and 50. If a judge is otherwise long committed in another case or is delayed in getting to the criminal cases on his calendar by reason of illness, personal misfortune or press of other business, this obviously does not serve to toll the enforcement of the right of a defendant awaiting trial on that judge's criminal calendar.

*Hodges v. United States*, 408 F.2d 543, 551–52 (8th Cir. 1969) (Blackmun, J.).

And our sister circuits that have addressed general congestion under the Act[3] have held "that a continuance granted simply because of general congestion of the

---

[3] *See, e.g.*, *United States v. Reese*, 917 F.3d 177, 183 (3d Cir. 2019) (holding that because the district court had already decided to postpone trial due to its own schedule, its sua sponte continuance could not be excluded under Speedy Trial Act on basis that the court's calendar would not accommodate the trial); *United States v. Ramirez*, 788 F.3d 732, 735 (7th Cir. 2015) (concluding that hearing transcript strongly suggested that court's decision to continue was based on its crowded calendar, "a factor wholly impermissible for consideration in support of an ends of justice continuance," and, therefore, the six-month delay was not properly excluded from the speedy trial clock); *United States v. O'Connor*, 656 F.3d 630, 636 (7th Cir. 2011) (determining that the district court erred in excluding certain days because the "delay was attributable to the court's scheduling problems, and the Act explicitly prohibits the court from excluding time based on 'general congestion of the court's

court's calendar" "in direct response to [court's] own crowded dockets" is not excludable under the Act. *Gallardo*, 773 F.2d at 1505 (quotation omitted).[4]

Here, the district court sua sponte granted a fourth continuance due to "a scheduling conflict [that] ha[d] arisen involving other obligations of the [c]ourt." Fourth Continuance Order at 1. In denying Johnson's motion to dismiss, the court admitted that it "ha[d] a congested calendar" complicated by "a judicial emergency for [the] District, which ha[d] only one active judge and no senior status judges." Order Den. Def.'s Mot. to Dismiss at 9. The court's own scheduling conflicts

---

calendar'" (quoting 18 U.S.C. § 3161(h)(7)(C))); *United States v. Johnson*, 120 F.3d 1107, 1111–12 (10th Cir. 1997) (holding that continuance granted by district court did not constitute excludable time under Speedy Trial Act, and trial thus commenced outside statutory speedy trial period, where district court's reason for continuance was lack of earlier available trial date, and subsequently stated reason that government needed time to arrange transportation for out-of-state witnesses was not relied upon at time court granted continuance); *United States v. Stoudenmire*, 74 F.3d 60, 64 n.4 (4th Cir. 1996) (determining that period during continuance order, granted for reasons that amounted to docket congestion, was not properly excludable from period under Speedy Trial Act, even though the order purported to exclude this period under the ends-of-justice exclusion); *United States v. Crane*, 776 F.2d 600, 605 (6th Cir. 1985) (holding that trial judge's unavailability, which was caused at least partly by his presiding over another case and was therefore attributable to "general congestion of the court's calendar," was not a proper reason for continuing criminal trial, for purposes of excluding delay caused thereby from speedy trial computation under Speedy Trial Act ends-of-justice exclusion); *United States v. Wentland*, 582 F.2d 1022, 1024 (5th Cir. 1978) (recognizing that "[t]he congested state of the court's calendar may not be the basis for an excluded 18 U.S.C. § 3161(h)([7])(A) continuance").

[4]We distinguish these types of continuances from "continuances . . . only indirectly attributable to the court's congestion." *Id.* (holding "district court did not grant the three contested continuances on its own motion, or in direct response to its own calendar needs" but instead "in response to signed stipulations by both parties that they needed additional time to prepare for trial").

generated the need for the fourth continuance: "Roughly forty-nine different trials had been set during that time frame at one time or another. The [c]ourt cannot try more than one case at a time." *Id.* As a direct result of the scheduling conflicts generated by the court's congested docket, the district court decided to "tr[y] a criminal case where the defendant had been detained for 117 days prior to his trial on August 6, 2018." *Id.* at 10. As the court explained, it was "not able to try two criminal cases on August 6, 2018." *Id.*

We are sympathetic to the congested calendar and judicial emergency that the district court faced during Johnson's case. But the Act does not permit exclusion of days caused by the court's own scheduling conflicts resulting from a crowded docket. This constitutes general congestion under the Act and is not a legitimate ground upon which to exclude days under the Act. *See supra* n.3. The government conceded at oral argument that if the fourth continuance was not for an allowable purpose, a Speedy Trial Act violation occurred. *See* Oral Arg. at 13:27–13:57.

Because we determine that the delay occasioned by the fourth continuance was not excludable under the Act, we must also determine the appropriate remedy. Congress set forth the Act's "enforcement and sanctions provisions" "[t]o promote compliance with [the Act's] requirements." *Zedner*, 547 U.S. at 499. If the defendant makes "a meritorious and timely motion to dismiss," then "the district court must dismiss the charges, though it may choose whether to dismiss with or without prejudice." *Id.*

To determine whether to dismiss with or without prejudice, "the court must take into account, among other things, 'the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Act] and on the administration of justice.'" *Id.* (alteration in original) (quoting 18 U.S.C. § 3162(a)(2)). Dismissal with prejudice is "[t]he more severe sanction." *Id.* It "is available for use where appropriate, and the knowledge that

a violation could potentially result in the imposition of this sanction gives the prosecution a powerful incentive to be careful about compliance." *Id.* By contrast, dismissal without prejudice is "[t]he less severe sanction." *Id.* It allows the court to "avoid unduly impairing the enforcement of federal criminal laws—though even this sanction imposes some costs on the prosecution and the court, which further encourages compliance." *Id.* "When an indictment is dismissed without prejudice, the prosecutor may of course seek . . . a new indictment." *Id.* (citing 18 U.S.C. § 3288).

Johnson cites *United States v. Tunnessen*, 763 F.2d 74 (2d Cir. 1985), for the proposition that "[a] remand for a hearing should not be routinely ordered in a case . . . where the issue of whether dismissal should be with or without prejudice arises for the first time on appeal, the trial court having denied the motion to dismiss." Appellant's Br. at 31 (quoting *Tunnessen*, 763 F.2d at 79).

But other appellate courts have left for the district court "to decide in the first instance whether the dismissal is with or without prejudice per the factors in 18 U.S.C. § 3162(a)(2)." *Reese*, 917 F.3d at 184; *see also United States v. Frey*, 735 F.2d 350, 353 (9th Cir. 1984) ("The district judge may make the dismissal for noncompliance with the Act either with or without prejudice, in his discretion."); *Johnson*, 120 F.3d at 1112 ("Under these circumstances, we believe it appropriate to follow our general practice and remand to the trial court to assess whether the dismissal should be with or without prejudice.").

In accordance with the majority of our sister circuits, we will permit the district court to determine in the first instance whether to dismiss the indictment with or without prejudice by applying the factors set forth in 18 U.S.C. § 3162(a)(2).

B. *Sixth Amendment*

"[O]ur analysis in this case cannot end with the Speedy Trial Act. [Johnson] also presents a speedy trial claim under the Sixth Amendment," which, if successful,

"would require the district court to dismiss the case with prejudice." *United States v. Larson*, 627 F.3d 1198, 1207 (10th Cir. 2010) (quoting *United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009)); *see also United States v. Summage*, 575 F.3d 864, 875 (8th Cir. 2009) (considering Sixth Amendment claim even after finding Speedy Trial Act violation).

"[T]he Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002). "Assessment of whether a defendant's Sixth Amendment right to a speedy trial has been violated includes consideration of the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Sprouts*, 282 F.3d at 1042; *see also Barker v. Wingo*, 407 U.S. 514, 530 (1972). We consider each of these factors in turn.

First, our consideration of the length of the delay "requires a double inquiry: (1) whether the length of delay was presumptively prejudicial such that it triggers the *Barker* analysis, and, if triggered, (2) the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *United States v. Rodriguez-Valencia*, 753 F.3d 801, 805 (8th Cir. 2014) (quotations omitted). Here, Johnson's nearly 14-month delay was presumptively prejudicial. *See United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003) ("[A] delay approaching a year may meet the threshold for presumptively prejudicial delay requiring application of the *Barker* factors."). But the delay did not stretch far "beyond the bare minimum needed to trigger judicial examination." *Rodriguez-Valencia*, 753 F.3d at 805 (quotations omitted). Further, the heavy discovery in this case mitigates the delay's length. *See Barker*, 407 U.S. at 530–31 ("[T]he length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case.")

Second, "closely related to length of delay is the reason the government assigns to justify the delay." *Barker*, 407 U.S. at 531. In the present case, the reason for the delay was primarily attributable to the court's docket congestion. This reason weighs in favor of a Sixth Amendment violation, but only slightly. *See id.* ("[O]vercrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.").

Third, we consider "[w]hether and how a defendant assert[ed] h[er] right." *Id.* Johnson only weakly asserted her speedy trial right: although she eventually moved to dismiss, she failed to oppose the four continuances. *See id.* at 516–18, 529, 536 (noting that the Sixth Amendment inquiry allows courts to "weigh the frequency and force of the objections" and further noting that the defendant in that case failed to object meaningfully to government-sought continuances).

Finally, we assess the prejudice to the defendant in light of the following three interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* at 532. With regard to the second interest, avoiding "[a]nxiety, without concurrent prejudice to the defendant's ability to mount a defense, is likely the weakest interest served [by the Sixth Amendment]." *United States v. Shepard*, 462 F.3d 847, 865 (8th Cir. 2006). Here, Johnson argues that the delay prejudiced her by causing anxiety, but her anxiety alone is insufficient to demonstrate prejudice. *See United States v. McGhee*, 532 F.3d 733, 740 (8th Cir. 2008) ("[A]lthough anxiety and concern are present in every case, this alone does not demonstrate prejudice."). And Johnson's other cited injuries, such as damage to her business and humiliation for her children, are unrelated to the delay and more attributable to the indictment.

Accordingly, we affirm the district court's denial of Johnson's Sixth Amendment claim.

### III. *Conclusion*

As a result of the district court's sua sponte fourth continuance, the 70-day speedy trial clock expired prior to Johnson's trial. The district court erred in not granting Johnson's motion to dismiss the indictment because a Speedy Trial Act violation occurred. "The remedy for this error is to reverse the [d]istrict [c]ourt's decision, vacate [Johnson's] conviction, and remand for dismissal of the indictment." *See Reese*, 917 F.3d at 184. We leave it to the district court to determine in the first instance whether to dismiss with or without prejudice. As to the district court's denial of Johnson's Sixth Amendment claim, we affirm.

LOKEN, Circuit Judge, concurring.

I concur in the court's grant of Speedy Trial Act relief, but I reach this result by a somewhat different path.

In October 2017, Johnson moved to compel discovery seeking, among other materials, subpoenaed documents federal agents took from her in January 2014. In response, the government sought and was granted a first continuance based on the estimated time needed for untimely compliance with Johnson's discovery requests. The district court granted the continuance in early November, rescheduling the three-day trial to March 27, 2018. On December 18, the magistrate judge denied in part Johnson's pending motion to compel, relying on the government's assurance that it had provided those materials.

In February 2018, the government filed a superseding indictment, adding a charge that Johnson made a false statement on an April 2013 loan application which the district court described as "extremely weak" at trial. On February 15, Johnson moved to compel discovery she still had not received, noting that the new count required additional discovery. Five days later, the government sought a second continuance due to an unavailable "essential" witness. See 18 U.S.C.

-16-

§ 3161(h)(3)(A). The district court granted a continuance, rescheduling the trial to June 18, 2018. On April 27, the magistrate judge held a hearing to address whether the government had turned over all documents federal agents took from Johnson in January 2014, including loan documents relevant to the newly-added false statement charge. The day before the hearing, the government delivered to defense counsel four boxes of discovery materials it had "inadvertently" failed to provide -- materials Johnson first requested in September 2017.

The third continuance arose as a result of a telephone status conference the district court held with counsel on May 21, 2018. As the court explained at the start of trial:

> The third continuance was granted because everybody had told Magistrate Miller at the time that he held a pretrial conference that this case could be tried in three days. And I . . . then scheduled a telephone conversation with both counsel, and they both informed me that there's no way this case could be tried in three days, it's going to take two weeks. I didn't have that time available, so I had to continue the case. I could have forced everybody to go to trial in three days, but nobody would have wanted to do that . . . .

On June 11, the court issued an "ends of justice" order granting the third continuance and rescheduling the trial to August 6, 2018.

Although our decision focuses on the fourth continuance, in my view the third continuance is an essential starting point for our analysis. The third was not a "general congestion" continuance, nor was the district court's "ends of justice" rationale inadequately explained. The court had scheduled a three-day trial for a day certain on its busy calendar. On the eve of trial, *both* counsel advised that the complex case would take ten days to try, not three. This was grounds for a continuance to avoid a "miscarriage of justice." See 18 U.S.C. § 3161(h)(7)(B)(i).

-17-

But it was not an excludable continuance if it was attributable to the government's "lack of diligent preparation." 18 U.S.C. § 3161(h)(7)(C); see United States v. Dog Taking Gun, 7 F. Supp. 2d 1118, 1121-22 (D. Mont. 1998). The grant of a continuance until August 6 was still within the Speedy Trial Act's seventy-day period if the first two continuances were properly excluded, as we are assuming. To my knowledge, no case has suggested that this type of last-minute adjustment to a court's trial schedule caused by counsel's untimely disclosure of the time needed to try a case falls within the "general congestion" prohibition in § 3161(h)(7)(C). In my view, because the court does not acknowledge that counsels' failings caused the district court's scheduling dilemma, its decision is dubious "general congestion" precedent.

That brings me to the fourth continuance from a different perspective. The fourth continuance was an extension of the third continuance, whose root cause was untimely and inadequate preparation by counsel, not the court's general congestion. But the fourth extension of 84 days, if not excluded, violated the Speedy Trial Act by more than one month. The court granted this extension *sua sponte*, and its July 10 Order explained only that "a scheduling conflict has arisen involving other obligations of the Court." This raised an issue that to my knowledge has not been addressed in any published opinion -- when the parties' failings compel rescheduling a trial to avoid a miscarriage of justice, at what point do the court's general congestion problems result in a continuance excluded by § 3161(h)(7)(C)? The "shared responsibility" dicta in Hodges v. United States does not answer this question. 408 F.2d 543, 551-52 (8th Cir. 1969).

A further complexity in this case is that counsel for Johnson did not promptly move the court for an order declaring the fourth continuance not excludable under § 3161(h)(7). Counsel could have argued that the court's "ends of justice" finding under subsection (A) was not adequately explained, or that exclusion was prohibited by the "general congestion" and/or the "lack of diligent preparation" provisions of subsection (C). Johnson failed to give the district court an opportunity to further

consider the fourth continuance in light of these Speedy Trial Act provisions before the seventy-day period expired, when the court could have explored with counsel various options for conducting the trial in compliance with the Act.

For this reason, I would review the district court's ruling for plain error. However, even applying the rigors of plain error review, I conclude that Johnson deserves Speedy Trial Act relief because the district court failed to consider that Johnson's rights were violated by the government's persistent lack of diligent preparation that forced the defense to agree with the government on the eve of trial that the case could not be tried in the three days the court had scheduled. In general, I agree that the government's failure to provide timely discovery that causes a defendant to seek a continuance does not demonstrate a lack of diligent preparation absent "chronic discovery abuses or . . . bad faith." United States v. Cianciola, 920 F.2d 1295, 1300 (6th Cir. 1990), and cases cited. But here, the government's discovery non-compliance despite multiple defense requests and its outright discovery misrepresentations, exacerbated by filing, in the middle of a discovery dispute, a superseding indictment adding an "extremely weak" count based on a transaction five years earlier, evidenced a calculated effort to circumvent Johnson's Speedy Trial Act rights.

I therefore concur in the grant of Speedy Trial Act relief, leaving to the district court whether to dismiss the indictment with or without prejudice. See generally United States v. Taylor, 487 U.S. 326, 337-43 (1988). I also agree that the denial of Johnson's Sixth Amendment claim should be affirmed.

_____